Simonsen and others vs. Stachlewicz and wife.

SIMONSEN and others, Respondents, vs. STACHLEWICZ and wife, imp., Appellants.

*May 4 — May 24, 1892.*

*Estoppel: Lien of subcontractors.*

Statements made to the owner of a building or to his architect by sub-‹ contractors, to the effect that the principal contractors were perfectly good and had always paid their bills, cannot estop such subcontractors from asserting their lien on the building for materials furnished, although after such statements the owner had paid the principal contractors, if he was not misled by the statements or induced thereby to make such payment.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to foreclose a subcontractors' lien upon the premises of the defendant *Stachlewicz* for lumber sold and delivered to the principal contractors and used in the erection of a building upon said premises. It was proven that there was due the plaintiffs from the principal contractors $267.23, and that due notice of the claim for a subcontractors' lien was served upon the owner. It was also proven that *Stachlewicz* had paid the principal contractors, before notice of the subcontractor's alleged lien, the entire contract price, except $19.73, which last-named sum was tendered to plaintiffs before action brought.

The defense relied upon was an alleged estoppel *in pais*, consisting of statements alleged to have been made by the plaintiffs and their bookkeeper, upon which it is alleged the defendant acted in paying the contractors. As to this alleged estoppel the circuit court found the facts to be as follows: Prior to the payment to the principal contractors of the $800 upon the contract, *Stachlewicz* called at plaintiffs' office in their absence, and asked their bookkeeper if plaintiffs were satisfied with the principal contractors, and the bookkeeper said that the contractors had dealt with

plaintiffs for several years, and always paid when they got.
the money, and the plaintiffs always considered them good;
that the superintending architect of the building, before
giving the principal contractors an estimate for said pay-
ment of $800, asked the plaintiff *Simonsen* if the contract-
ors were correct in their payments, and if they were all
right, if they paid their lumber bills, and if they were sat-
isfied with them, to which *Simonsen* answered, " They are
just as good as the sun under the sky; they have always
paid their bills; the plaintiffs consider them perfectly good
payment,"— of which statements the superintendent in-
formed the owner; that all of such statements were made
in good faith without intent to mislead or deceive, and that
the owner was not induced or misled by any of said state-
ments to make the payments thereafter made to the con-
tractors.

Judgment of foreclosure of their lien for the full amount
due them was rendered by the circuit court, from which
*Stachlewicz* and wife appeal.

The cause was submitted for the appellants on the brief
of *J. M. Clarke,* and for the respondents on that of *Fran-
cis J. Borchardt,* attorney, and *Jared Thompson, Jr.,* of
counsel.

Winslow, J.   Accepting the findings of the circuit court
as settling the disputed questions of fact in this action, the
simple question is presented as to whether the plaintiffs are
estopped from asserting their lien upon the defendants'
premises.   It is elementary that an estoppel *in pais* arises
only when the act or conduct relied on has induced a change
of position in accordance with the real or apparent inten-
tion of the party against whom it is alleged; in other words,
the act or conduct of the one party must have been acted
upon by the other.   Conceding that the statements of the
bookkeeper or *Simonsen* were statements of fact upon which

in a proper case an estoppel could be based, the circuit court has found that they did not mislead the defendants nor induce them to make the payment to the principal contractors. This finding is in accordance with the evidence, and it takes from the case a vital and essential fact without which there can be no estoppel.

*By the Court.*— Judgment affirmed.