ORTTEL, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*November 20 — December 11, 1894.*

*Railroads: Injury to employee: Ice along track: Defective verdict: Court and jury.*

1. Plaintiff, a switchman, while attempting to block the wheels of a car, slipped and fell, and the car ran over his hand. The jury found that the fall was caused by ice on the outside of the track, formed by the melting and freezing of snow left there in cleaning out the flanges of the rail, and that some of said ice was loose, but did not find that the presence of the ice was owing to

Orttel vs. Chicago, Milwaukee & St. Paul R. Co.

any negligence on defendant's part or that it rendered the track unsafe or dangerous to those operating cars thereon. The evidence (which fails, among other things, to show how long the ice had been there, how considerable it was in quantity, or how much of it was loose) is *held* not to be so clear and decisive as to justify a finding, as matter of law, that defendant was negligent or the track unsafe; and the verdict was therefore insufficient to entitle the plaintiff to judgment.

2. Findings that the brakes on the car were negligently out of repair and in an unsafe condition for use were rendered immaterial by the finding that the efficient cause of the injury was the ice on the outside of the track.

APPEAL from a judgment of the circuit court for Racine county: FRANK M. FISH, Circuit Judge. *Reversed.*

This action was brought by the plaintiff to recover damages for an injury received by him in defendant's yard and on its tracks in Racine, Wis., and while in its employ as a switchman. The complaint, after setting out the duty of the defendant to provide good and safe cars, with good and safe machinery and apparatus, and to maintain its yards and tracks in good, safe, and secure condition, charged the defendant with negligence in permitting the brakes of two certain cars, operated in and about the said yard and tracks, to be out of repair and in an unfit condition for use, and with carelessly and negligently permitting said yards and tracks to become and remain covered to a large extent with snow and ice, thereby rendering the same unsafe and dangerous to the employees operating the cars in said yard and on the said tracks; that on, etc., while plaintiff was engaged in the duty of switching the cars on the said tracks in said yard, and while said two cars were switched upon an ascending grade upon which it was his duty to stop them, and when attempting to so stop them by operating the brakes to keep them from descending, the brakes were found to be out of order, by reason whereof he was unable to stop them, and it then became his duty to stop them by "blocking"

Orttel vs. Chicago, Milwaukee & St. Paul R. Co.

them with a coupling pin, and while attempting to do so, by reason of said accumulation of snow and ice upon and along the tracks the plaintiff slipped and lost his footing, and in falling his right hand was thrown upon the track, and it, except the thumb, was cut off, and he was otherwise bruised and injured, etc.; that he was at the time exercising due diligence and care, and that the accident was due to the negligence of the defendant in not keeping the brakes of said two cars in repair, and in providing insufficient brakes, and by reason of said defendant not removing the accumulation of snow and ice on and about said tracks of the defendant. The defendant answered, denying that the injuries complained of were caused by any fault or neglect on its part, or that the same were sustained without any want of care or prudence on the part of the plaintiff.

Upon trial before a jury, a special verdict was found: (1) That the brakes on the cars in question were out of repair and in an unsafe condition for use. (2) That the defendant negligently permitted them to be out of repair. (3) That the cars in question were standing still at the time the plaintiff attempted to block them. (4) That the yard and track, at the place of the accident, was not covered to a large extent with accumulations of snow and ice, thereby rendering the same unsafe and dangerous to the employees operating the cars in the yard. (5) That the plaintiff was not guilty of any want of care which contributed directly to the accident. (6) That the outside of the track, at or near the place of the accident, was in an icy condition. (7) That this condition was not caused by the temporary presence of thawing snow and ice. (8) That the icy condition on the outside of the track was formed by snow melting and freezing, which had been left there in cleaning out the flanges along the side of the rail. (9) "Was the ice on the outside of the track the cause of the fall? Yes." (10) "Was any of said ice loose? Yes." The jury fixed

the damages at $3,000, in case the plaintiff was entitled to· recover.

The plaintiff moved for judgment in his favor on the ver-- dict. The defendant moved to set aside the first and second findings of fact, and for judgment in its favor, basing such motion upon all the records, papers, and proceedings had and on file, the minutes of the trial judge, all the testimony, and the special verdict. The court overruled the defend- ant's motion, and gave judgment on the verdict in favor of the plaintiff, from which the defendant appealed.

For the appellant there was a brief by *C. H. Van Alstine*, attorney, and *Burton Hanson*, of counsel, and the cause was argued orally by *Mr. Hanson*.

For the respondent there was a brief by *Ritchie & Heck*, and oral argument by *Samuel Ritchie* and *M. W. Heck*.

PINNEY, J. The finding of the jury is, in substance, that the presence of ice on the outside of the track at the place· of the accident was the efficient cause of the plaintiff's in- jury; but there is no finding that this was owing to any fault or negligence on the part of the defendant, nor is it found that the track, by reason of such ice, was rendered unsafe or dangerous to those engaged in operating the de- fendant's cars. That the plaintiff was not entitled to a judg- ment on such defective verdict is well settled (*Kelley v. C., M. & St. P. R. Co.* 53 Wis. 74, 77; *Sherman v. Menominee R. L. Co.* 77 Wis. 23), unless the court can say as a matter of law that negligence is clearly and decisively shown by the uncontradicted evidence; and it is upon the ground that negligence of the defendant is thus shown that the judgment is sought to be maintained.

The evidence is that the plaintiff was on the side of the track by the car which had just stopped. He had walked along beside the cars, waiting for them to stop, so that he could put the coupling pin under the wheel, and he had

stooped over for that purpose. He testified: "I went head first towards the car on some ice. I ain't sure. My head either struck the oil box or the wheel. I fell on ice; loose ice, too. I slipped on the ice." Another witness testified: "There was ice there, quite a good deal. The track and ties were covered with snow and ice. The rails were above the lay of the ground, and the snow and ice came up two thirds to the top of the rail. It looked as though it had been thrown there from the inside of the rail. Some was loose and some was frozen. I think that the section man, in flanging off the tracks, had thrown this to one side, and it had melted there and frozen. I don't know especially. It had been thawing the day or a couple of days before. . . . That is what I spoke of as the icy condition." Another witness testified that there was ice and snow just on the outside of the rail almost on the top of the rail; and another, that he "could notice ice there, and loose ice;" and still another, that "it was icy clear along the track outside from between the flanges. It was thrown up to one side of the rail right alongside of the rail, not very far off. It seemed to have been thrown out from the inside of the track, just as if it was thrown out loose. That ice came pretty close to the top, I should think." That he did not examine the track very closely on either side. "There were two or three inches of ice there, I imagined; I couldn't say. It appeared to be a little snow or ice that had been thrown out from the flange of the rail."

While this evidence may be fairly said to be uncontradicted, it does not follow that it is sufficient and so clear and decisive as to justify a finding thereon, as a matter of law, that the defendant was guilty of negligence by reason of the track being in the condition described; nor does it clearly show that the track was in an unsafe or dangerous condition to those operating cars over it. There is no evidence to satisfactorily show how long the ice had been there, nor how

considerable it was in quantity, nor how much of it was loose. A general condition of slipperiness, without more, by reason of snow or ice, probably could not be regarded as a defect, or its presence as proof of negligence. *Chamberlain v. Oshkosh*, 84 Wis. 289. The evidence is too uncertain and equivocal to authorize the court to pronounce, as a matter of law, upon the question of negligence.

Negligence, as a general rule, is a question for the jury, and is to be deduced as an inference of fact from several facts and circumstances disclosed by the evidence, after their connection and relation to the matter in issue have been traced and their weight and force considered; and when such facts and circumstances, though undisputed, are ambiguous, and of such a character that reasonable men, unaffected by bias or prejudice, may disagree as to the inference or conclusion to be drawn from them, the case should be submitted to the jury; and it is only when proof is so clear and decisive, and the facts and circumstances are unambiguous, and there is no room for fair and honest difference of opinion, that the court may take the case from the jury or pronounce upon the question of negligence as a matter of law. *Langhoff v. M. & P. du C. R. Co.* 19 Wis. 496; *Hill v. Fond du Lac*, 56 Wis. 242; *Valin v. M. & N. R. Co.* 82 Wis. 6; *Hart v. West Side R. Co.* 86 Wis. 489. The case of *Hulehan v. G. B., W. & St. P. R. Co.* 68 Wis. 520, relied on by the plaintiff, is distinguishable from the present, in that in that case there was an express finding that the company was negligent "in allowing sticks or blocks of wood to remain along the track, which made it dangerous for brakemen to couple cars at the place of the injury," and there was evidence to take the case to the jury and support their finding.

The first and second findings, to the effect that the brakes on the cars were negligently out of repair and in an unsafe condition for use, are rendered immaterial by the finding

that the efficient cause of the plaintiff's injury was the ice on the outside of the track. *Pease v. C. & N. W. R. Co.* 61 Wis. 163. The plaintiff was not entitled to judgment on the special verdict, and the judgment of the circuit court must for this reason be reversed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.