La Fave, Respondent, vs. City of Superior, Appellant.

*October 21 — November 7, 1899.*

*Municipal corporations: Injury from defective sidewalk: Court and jury: Damages: Future disability.*

1. In an action for injuries alleged to have been caused by a defect in a sidewalk four feet wide and constructed of planks laid lengthwise, it is *held* that a break and sagging in one of the outside planks, which was but six inches wide, the remainder of the walk being in good condition, did not as a matter of law render the sidewalk defective at that place.

2. An instruction in such case that the sidewalk was defective as matter of law is *held* peculiarly liable to mislead the jury, since the nature and location of the break were important upon the question of plaintiff's contributory negligence, especially in view of evidence tending to show that he was intoxicated at the time of the accident.

3. In an action for personal injuries a charge that the jury, if they found for plaintiff, might award him such damages as the preponderance of the evidence showed he had sustained, if anything, by reason of injuries which were reasonably certain to prevent him from earning in the future, is *held* error, there being no evidence upon which to base it.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Reversed.*

*T. L. McIntosh*, for the appellant.

For the respondent there was a brief by *Crownhart & Foley*, and oral argument by *W. R. Foley*.

CASSODAY, C. J. This is an action to recover damages for a personal injury sustained by the plaintiff September 13, 1898, by reason of an alleged defective sidewalk. Issue being joined and trial had, the jury returned a verdict to the effect that they found for the plaintiff, and assessed his damages at $600, and that the defect in the sidewalk had existed for such length of time that the officers of the city having the streets in charge would, in the exercise of ordinary care,

have discovered and repaired the same prior to the accident. From the judgment entered thereon accordingly the defendant appeals.

There is evidence on the part of the plaintiff tending to prove that at the time of the accident the plaintiff was about forty-five years of age; that the accident occurred between 8 and 9 o'clock in the evening; that at the time of the accident the plaintiff resided near the place where it occurred; that the sidewalk at and near that place was about four feet wide, constructed of planks two inches thick, and running lengthwise the walk, and laid on stringers; that some of the planks were longer than others; that at the place of the accident the plank on the outside — towards the lot — was about five feet long, six inches wide, and two inches thick; that the plank extended across a drain running under and crosswise the walk, and was broken directly over the drain, and sagged down into the drain so as to leave a hole between that plank and the next one to it; that the plaintiff stepped on the plank where it was broken, and went down with it, and his foot went into the hole, and he fell towards the lot, and his leg was broken; that he had been drinking some whisky two or three hours before the accident. On the part of the defendant there is evidence tending to prove that the walk was not as defective as claimed by the plaintiff, and that the plaintiff was intoxicated at the time of the accident.

Error is assigned because the court instructed the jury that the sidewalk at the place testified to was defective as a matter of law. There is no claim that the sidewalk was not in good condition at the place mentioned, except that the outside plank toward the lot was broken as indicated. There was still a good walk, at least three and one-half feet wide, for pedestrians to walk upon. While the plaintiff's evidence tended to prove that the outside plank was defective, yet it did not conclusively follow that the sidewalk at that place was defective. Whether it was defective

or not was, in our judgment, a question of fact for the jury. *McNamara v. Clintonville*, 62 Wis. 209; *Richards v. Oshkosh*, 81 Wis. 228; *Orttel v. C., M. & St. P. R. Co.* 89 Wis. 132; *Morrison v. Madison*, 96 Wis. 454, 455. It was error to hold, as a matter of law, that the walk was defective merely because the outside plank was defective. Such questions are usually for the jury. *Id.* Of course, there are cases where the question can be determined as a matter of law. *Prideaux v. Mineral Point*, 43 Wis. 513; *Kleiner v. Madison, ante*, p. 339. The fact that the defective plank ran lengthwise the walk and was on the outside thereof, and only six inches wide, was important upon the question of contributory negligence,— especially in view of the evidence bearing upon the question whether the plaintiff was or was not intoxicated at the time of the accident. The instruction given, therefore, was peculiarly liable to mislead the jury. Of course, a sober man, in the exercise of ordinary care, may be able to walk safely upon a much narrower walk than a drunken man. But we cannot say that there was any error in charging the jury either upon the subject of intoxication or contributory negligence.

The court charged the jury that, if they found for the plaintiff, they were at liberty to award him such damages as the preponderance of the evidence showed he had sustained, if anything, by reason of injuries which were reasonably certain to prevent him from earning in the future. We find no evidence upon which to base such charge, and hence it was error.

We find no error in the admission or exclusion of jurymen. The law on the subject is so well settled by this court as not to require repetition. *Sutton v. Fox*, 55 Wis. 531; *Santry v. State*, 67 Wis. 65; *Grace v. Dempsey*, 75 Wis. 320, 321; *Baker v. State*, 88 Wis. 149–154.

*By the Court.*— The judgment of the superior court of Douglas county is reversed, and the cause is remanded for a new trial.