HILDMAN, Respondent, vs. THE CITY OF PHILLIPS, Appellant.

*April 7 — April 27, 1900.*

*Municipal corporations: Injury from defect in street: Court and jury: Service of notice: Special verdict: Failure to submit material issue: Waiver: Positive and negative testimony: Instructions to jury.*

1. In an action for personal injuries caused by plaintiff's falling, in the night time, into an excavation extending across where the sidewalk had been, the evidence is *held* sufficient to sustain findings of the special verdict that the hole was not properly and safely guarded at the time of the accident, that plaintiff did not know of its existence a short time prior thereto, and that he was not guilty of contributory negligence.

2. The accident in such case happened on the 8th of October, and the plaintiff testified upon direct examination that he personally served notice thereof on the mayor and city clerk the last of November, between Thanksgiving and December 1st, and that service on the mayor was made at his home, which was nearly a mile from

Hildman vs. The City of Phillips.

plaintiff's residence. On cross-examination, however, he testified that after the accident he remained in the house three or four months before he went out at all; that it was along in January or February when he commenced getting out of his house; and that he could not tell exactly when he served the notice. *Held*, that the question whether the notice was served within ninety days as required by sec. 1339, R. S. 1878, was for the jury.

3. Where a special verdict fails to cover a material controverted issue the defect is not waived by failure to request the submission of a proper question.

4. Where testimony merely negative in its character has been received, the court should upon request instruct the jury that such testimony is entitled to comparatively little weight as compared with the positive testimony of equally credible witnesses.

5. Questions as to whether the excavation was properly guarded, and whether the city was guilty of a want of ordinary care in not guarding it, having been submitted for special verdict, it was not error to refuse to submit specific questions as to the maintenance of a lighted red globe lantern on each side of the excavation.

APPEAL from a judgment of the circuit court for Oneida county: W. C. SILVERTHORN, Circuit Judge. *Reversed.*

*M. Barry*, attorney, and *John Barnes*, of counsel, for the appellant, contended, *inter alia*, that the material and physical facts in respect to the maintenance of barriers, guards, lights, etc., were directly in issue by the pleadings, and the defendant was entitled to have such specific facts found by the jury. *Davis v. Farmington*, 42 Wis. 425–431; *Carroll v. Bohan*, 43 Wis. 218–221; *Eberhardt v. Sanger*, 51 Wis. 72; *Jewell v. C., St. P. & M. R. Co.* 54 Wis. 610–618; *Klochinski v. Shores L. Co.* 93 Wis. 417; *Pratt v. Peck*, 65 Wis. 463; *Lee v. C., St. P., M. & O. R. Co.* 101 Wis. 352; *Bigelow v. Danielson*, 102 Wis. 470. The discretion of the trial court does not go to the extent of warranting a refusal to submit a question covering a material controverted fact. *F. Dohmen Co. v. Niagara F. Ins. Co.* 96 Wis. 39–57; *Baxter v. C. & N. W. R. Co.* 104 Wis. 307. The finding in response to the seventh question of the verdict is at best but a conclusion of law without giving any of the facts upon which it is based.

Hildman vs. The City of Phillips.

For the respondent there was a brief by *H. C. Peters*, attorney, and *Sanborn, Gleason & Sleight*, of counsel, and oral argument by *Mr. Peters* and *Mr. E. F. Gleason*.

CASSODAY, C. J.   This action was commenced February 5, 1898, to recover damages for personal injuries sustained by the plaintiff's falling into a ditch or trench running from the gutter on the west side of the street in towards the lot, and across where the sidewalk had been.   The ditch or trench was dug October 8, 1894; and it is alleged that it was left on the night of that day with "no barriers, guards, lights, or signals of any kind or nature" about or near the same to warn travelers, and that the plaintiff on the evening of that day, and while the ditch was in such unguarded and unprotected condition, was traveling south where the sidewalk had been, and fell into the ditch and sustained the injuries in question.   The defendant answered by way of admissions, denials, and counter allegations, and, among other things, to the effect, that at the time and place in question the defendant did keep and maintain "suitable barriers, railings, guards, protections, lights, and signals."

At the close of the trial, which occurred four and one-half years after the accident, the jury returned a special verdict (the first four questions being answered by the court, and the other six by the jury), and such verdict is to the effect (1) that on October 8, 1894, there was a hole or excavation six or eight feet long, two and one-half to three and one-half feet wide, and six or seven feet deep, made by authority of the defendant, for the purpose of making a connection with the water main, made the day of the accident, located on Lake street (one of the public streets of the city), commencing about nine feet from the west line of the street, and extending east, at right angles with the street, six or eight feet towards the center thereof, and north on the line with the north line of the block; (2) that the sidewalk along

Lake street had not been replaced and maintained since it was destroyed by the fire of July 27, 1894; nor until after October 8, 1894; (3) that the plaintiff was injured on the night of October 8, 1894, by falling into the hole or excavation mentioned; (3½) that the hole or excavation described was, in the night time, when not reasonably and properly safeguarded, a dangerous defect in Lake street for travelers using that street; (4) that the line of pedestrian travel for more than ten days prior to October 8, 1894, had been diverted, by the process of rebuilding stores on the west side of Lake street, into that portion of the street usually used by teams and vehicles; (5) that the plaintiff did not know of the hole or excavation mentioned, and of the condition of the same, a short time previous to the accident; (7) that at the time of the accident the hole or excavation was not properly and safely guarded by the defendant, so as to reasonably prevent accident to pedestrians passing along Lake street in the night time and in the exercise of ordinary care and caution; (8) that the defendant was guilty of a want of ordinary care in not safeguarding the hole, which was the proximate cause of the injury to the plaintiff; (9) that the plaintiff at the time of the happening of the injury in question was not guilty of a slight want of ordinary care which contributed directly to the happening of the accident; (10) that they assessed the plaintiff's damages at $2,000. From the judgment entered thereon the defendant brings this appeal.

It appears that the plaintiff was about fifty-eight years of age at the time of the accident. He was a tailor by trade, and had lived in the city for twelve years, and was then living in the southeast part of the city. About 7 o'clock on the evening in question he walked with the witness Wilson, who was the city clerk at the time, north towards the court-house, and passed along by the ditch in question. Wilson testified that the plaintiff was very near-sighted, and so he took hold of his arm and led him across the bridge over the

ditch, and called his attention to the fact that it was danger-
ous for him to cross the ditch.   The plaintiff testified that
he walked five or six feet behind Wilson as they passed the
place in question, but saw no hole; that he returned alone
in about half an hour, on the trail where the sidewalk had
been, and fell into the hole.   There is considerable evidence
to the effect that the hole or excavation was at the time of
the accident properly and safely guarded, and especially that
the dirt taken from the ditch was thrown out upon the north
side of the ditch, forming a barrier, so as to reasonably pre-
vent accident to pedestrians passing along that street in the
night and in the exercise of ordinary care and caution.   But
the jury found the other way, and we are forced to the con-
clusion that there is evidence sufficient to support such find-
ing.   So we are forced to the conclusion that there is evidence
sufficient to support the findings that the plaintiff did not
know of the hole or excavation a short time prior to the
accident, and was not guilty of contributory negligence.

The complaint alleged that on or about December 1, 1894,
and within ninety days of the happening of such injuries,
the plaintiff served upon the mayor of the city, and also upon
the then clerk of the city, the notice required by sec. 1339,
R. S. 1878.   Such allegation was denied by the answer.   It
was admitted on the trial that a notice, sufficient in form,
was served by the plaintiff personally, but the defendant did
not admit that it was served within the time required.   That
made it necessary for the plaintiff to prove that such notice
was so served within the ninety days.   The only evidence
on that question is the testimony of the plaintiff.   On his
direct examination he testified to the effect that he was sick,
and so his woman went down to Medford, and had the notice
drawn by a lawyer at that place; that he made no memo-
randum of the time of serving, and did not know just when
it was made, but that he served it on the mayor and clerk
the last of November, and between Thanksgiving and De-

cember 1, 1894; that he served it by giving it to the mayor at his house, which was nearly a mile from the plaintiff's house. On cross-examination he testified to the effect that after he was hurt he remained in his house three or four months, before he went out at all; that it was along in January or February when he commenced to get out of his house; that he was sure of that; that he did not know exactly when he served the notice; that he could not tell. Upon such evidence it cannot be said, as a matter of law, that the notice was served within ninety days of the time of the accident. It follows that the verdict did not determine all the material and controverted facts in issue, and hence is defective, and such defect was not waived by a failure to request the submission of a question which would cover such issue. *Sherman v. Menominee River L. Co.* 77 Wis. 14; *Orttel v. C., M. & St. P. R. Co.* 89 Wis. 130; *McFetridge v. Am. F. Ins. Co.* 90 Wis. 142; *Dugal v. Chippewa Falls,* 101 Wis. 536.

The seventh question submitted to the jury was as to whether the hole or excavation was properly and safely guarded. Upon that subject the court was requested to charge the jury that: "The evidence of witnesses to the fact that they passed over and along the street in the immediate vicinity of where the accident occurred shortly before or after the occurrence, and that they did not see any lights and barriers around the trench in question, is negative in its character, and is in itself entitled to comparatively little weight, as compared with the testimony of equally credible witnesses who testified to passing over and along the same street at or about the time, and to seeing lights and barriers around the trench. A person passing along a highway may not notice an object, although it exists, or, having noticed it, the impression thereby created may pass from his memory; and the testimony of such person to the effect that he did not see such an object carries little con-

Hildman vs. The City of Phillips.

viction, as against the testimony of an equally credible witness who testifies positively to having seen the object in question." The testimony of some of the witnesses on the part of the plaintiff was merely negative in its character, and hence the instruction so requested, or its equivalent, should have been given. What constitutes such mere negative testimony is well settled by this court. *Ralph v. C. & N. W. R. Co.* 32 Wis. 177; *Wittmann v. Watry*, 45 Wis. 494; *Pennoyer v. Allen*, 56 Wis. 502; *Hinton v. Cream City R. Co.* 65 Wis. 337; *Smith v. Milwaukee B. & T. Exch.* 91 Wis. 369; *Wickham v. C. & N. W. R. Co.* 95 Wis. 23; *Sutton v. C., St. P., M. & O. R. Co.* 98 Wis. 157. The counsel for the plaintiff contends that, as to at least some of the plaintiff's witnesses, it was not a mere failure to observe, but that, according to their testimony, they passed over the ditch, where, if there had been barriers, they would necessarily have been obliged to stop and go around the barriers, or over them, and hence, under other rulings of this court, should have the weight of affirmative testimony. *Sobey v. Thomas*, 39 Wis. 317; *Berg v. C., M. & St. P. R. Co.* 50 Wis. 419; *Shekey v. Eldredge*, 71 Wis. 538; *Joannes v. Millerd*, 90 Wis. 68; *Steinhofel v. C., M. & St. P. R. Co.* 92 Wis. 123. Had the instruction requested been given, it might have been proper to further instruct the jury as to the exceptions to the rule in respect to positive and negative testimony.

Error is assigned because the court refused to submit to the jury, in addition to the seventh and eighth questions, in regard to the hole or excavation being properly and safely guarded, two other questions,— one as to whether a "lighted red globe lantern" was maintained on the north side of the trench, and the other as to whether such lantern was maintained on the south side of the trench. It has very often been held that the form of the special verdict is very much in the discretion of the trial court. We have no purpose here of renew-

ing the discussion on the subject of special verdicts. It is enough to refer to some of the more recent decisions. Thus, it has been held that, "if the questions submitted to the jury cover all the issues, the refusal to submit questions covering the same issues, or any one of them, in a different form, or refusal to submit questions covering mere elements of such issues, is not error." *Schumaker v. Heinemann,* 99 Wis. 251. The seventh and eighth questions submitted manifestly covered the maintenance of such "lighted red globe lantern," and the court charged the jury in respect to maintaining suitable lights and barriers. The case is distinguishable from more recent cases where the trial court refused to submit to the jury questions put in issue by the pleadings. *Lee v. C., St. P., M. & O. R. Co,* 101 Wis. 352, 362; *Bigelow v. Danielson,* 102 Wis. 470. It is unnecessary to continue the discussion.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.