STRASSER, Respondent, vs. GOLDBERG, Appellant.

*February 5—February 23, 1904.*

*Replevin: Special verdict: Court and jury: Appeal: Affirmance and reversal: Evidence: Instructions to jury: Witnesses: Credibility: Damages.*

1. Where, on a specific question submitted as part of a special verdict, the evidence is conflicting, it is not error to refuse to change the answer of the jury and for judgment in accordance with the requested change.

2. In an action of replevin the defendant claimed under a chattel mortgage executed by plaintiff's son, and introduced evidence to the effect that plaintiff herself represented that the property belonged to the son. This was contradicted by the plaintiff. The jury, in answer to specific questions of a special verdict, found that plaintiff did not knowingly permit the son to hold out or represent to the defendant, without objections on her part, that the son was the owner of the property, and that the defendant, at the time of taking the chattel mortgage, believed that the son owned the property and acted thereon. *Held,* that the special verdict was incomplete in that it contained no finding as to whether the plaintiff held out, declared, or admitted the property belonged to her son.

3. Such verdict is further incomplete in that it contained no finding as to whether plaintiff knew, or ought reasonably to have anticipated, that defendant might, in reliance on her statement, act to his injury, where there was evidence from which the jury might have drawn the inference that the plaintiff ought reasonably to have anticipated that defendant asked her a question as to the ownership of the property for some material purpose, and was likely to act in reliance upon the belief in the son's ownership.

4. In such case, it is error to refuse to permit defendant to testify that he did rely on plaintiff's statement as to the ownership of the property in taking his chattel mortgage. Defendant's mental process was a fact as to which his direct evidence was admissible, notwithstanding it might also be established or refuted by inferences from the circumstances and his conduct.

5. Defendant requested an instruction, which called attention to the interest of the plaintiff and the duty of the jury to consider such interest in passing on the credibility of her testimony, closing with the direction: "You are also to subject all the testimony of all the witnesses to the same test," which

was refused. The court gave general instructions that the interest of all witnesses was to be considered and whether such interest affected their testimony. *Held*, that while the requested instruction stated a correct rule of law, its refusal was proper, when it appeared that plaintiff was not the only interested witness, and the instruction might have erroneously impressed the jury to have discriminated her from the others. *Kavanaugh v. Wausau*, *ante*, p. 611, distinguished.

·6. Where on the trial of a cause witnesses are contradicted, either by their own statements or by other testimony, and the court fails to give any instructions whatever upon the right of the jury to disregard the uncorroborated testimony of a witness whom they believe to have wilfully sworn falsely to any material matter, it is error to refuse a correct requested instruction as to the rule of *falsus in uno, falsus in omnibus*.

·7. Where the plaintiff has taken possession of the property in dispute under a writ of replevin, and defendant claims the same by virtue of a chattel mortgage given by plaintiff's son under circumstances which may amount to an estoppel, it is error to exclude evidence as to the necessary expenses incurred by defendant in seizing and reclaiming the property after they had been transferred by the son to a purchaser, since, if the mortgage is valid against the plaintiff, such expenses might, by its terms, be realized out of the mortgaged property, and might affect the amount of defendant's recovery in event of the non-return of the replevied property.

APPEAL from a judgment of the circuit court for Marathon ·county: W. C. SILVERTHORN, Circuit Judge. *Reversed.*

Action of replevin for team of horses alleged by the complaint to be owned by the plaintiff, and wrongfully detained by the defendant. The answer denied all of the complaint .except the detention by the defendant; alleged his possession ·to be by virtue of a chattel mortgage executed by John Strasser, son of the plaintiff, whom the answer alleged to have been the owner; but further alleged that for many years he had held himself out as owner, with the knowledge of the plaintiff, and with her permission; also that she, by direct ·statement and otherwise, had held him out as the owner before the making of the chattel mortgage; and that the defendant took the same relying on such conduct on her part.

It also alleged that after the making of the chattel mortgage the property was taken to another county by John Strasser, and there conveyed by bill of sale to third parties; that plaintiff, having knowledge of that fact and of defendant's claim to the property under the chattel mortgage, and that, relying upon such claim, he was about to incur expense in reclaiming the property from said grantee, and having full opportunity to notify him of her claim thereto, failed and neglected so to do, but permitted him, relying upon his chattel mortgage title, to incur necessary expense of $75 in reclaiming and bringing back the horses. By all such conduct defendant claimed plaintiff to be estopped to claim the property, or any part thereof. Evidence was offered at least tending to establish all the allegations of the answer. A special verdict was taken, all of the material questions except the second and third being answered by the court, to the effect that plaintiff, and not John Strasser, was the owner of the horses; that she had knowledge of the giving of the chattel mortgage about two months after its delivery, and of the seizure by the grantees in the bill of sale in Gates county, and that defendant was intending to reclaim the same under his mortgage—all before he did so. The second question, answered in the negative by the jury, was whether the plaintiff knowingly permitted John Strasser to hold out or represent to the defendant, without objection on her part, that he (John) was the owner of the team. The third question, answered in the affirmative by the jury, was whether the defendant at the time of taking the chattel mortgage, believed that John was the owner, and acted thereon. Defendant moved to change the answer to the second question from "No" to "Yes," and that upon the verdict so amended he have judgment; also that the verdict be set aside, and a new trial granted; both of which motions were refused, and judgment rendered in plaintiff's favor for possession and nominal damages, from which the defendant appeals.

For the appellant there was a brief by *Kreutzer, Bird & Rosenberry,* and oral argument by *M. B. Rosenberry.*

For the respondent there was a brief by *Brown, Pradt & Genrich,* and oral argument by *Neal Brown.*

DODGE, J.  The first contention of appellant, to the effect that the court erred in refusing to change the answer to the second question of the special verdict from "No" to "Yes," and to thereupon render judgment in favor of the defendant, must be overruled.  There is evidence on the part of the plaintiff in contradiction of any knowledge on her part of her son's conduct in holding himself out as the owner of the horses; hence the specific question whether she knowingly permitted him to do so was one for the jury.

In this connection appellant presses upon our attention certain testimony in the case to the effect that plaintiff herself represented the horses to belong to her son.  This, however, is contradicted by her, and could not justify the court in deciding the fact.  It, however, does support a further contention made, to the effect that the special verdict is incomplete in that it contains no finding as to whether she herself held out, declared, or admitted the horses to belong to her son John.  The answer asserts not only the son's conduct with her knowledge, but also her own express representation, and the defendant testifies to such declaration.  She denies it.  The issue therefore was one squarely framed by the pleadings, and each side supported by evidence.  Although she may not have known of her son's conduct, nevertheless she might be estopped by this conduct of her own, if under such circumstances that she ought reasonably to have anticipated that the defendant might rely and act thereon, and if he did so.  It is the duty of the trial court to frame the special verdict, and to include therein every material issue raised by the pleadings and evidence.  A judgment cannot be entered upon a verdict which fails to do this, if the omitted

issue might have been so resolved as to prevent such judgment. That is clearly the case here, and the judgment in favor of the plaintiff should not have been entered upon this defective verdict. *Orttel v. C., M. & St. P. R. Co.* 89 Wis. 127, 61 N. W. 289; *Hildman v. Phillips,* 106 Wis. 611, 82 N. W. 566. The only escape from the conclusion above stated would be upon a conclusive showing that plaintiff neither knew nor ought reasonably to have anticipated that defendant might, in reliance on her statement, act to his injury, or that he did not so act; or perhaps upon an entire absence of evidence of either such facts. The latter—namely, the acting by defendant—is perhaps, though ambiguously, found by the jury in answering question 3, but as to the former of these facts the verdict is silent, and therefore further defective, if there was any evidence upon it to support different conclusions. That there was such evidence we are persuaded. Defendant was notoriously in the business of buying and selling horses. He and a customer, according to some testimony, made a special trip to plaintiff's farm, and asked if she had any horses to sell, to which she answered in the negative, whereupon he asked to whom the team in question belonged, and she replied that it belonged to her son John. From this, if they believed it, a jury might have drawn the inference that she ought reasonably to have anticipated that defendant asked the question for some material purpose, and was likely to act in reliance upon belief in John's ownership. *Two Rivers Mfg. Co. v. Day,* 102 Wis. 328, 78 N. W. 440.

In this immediate connection we may mention an assignment of error predicated upon the court's refusal to permit defendant to testify that he did rely on this statement in taking his chattel mortgage. Such ruling was clearly erroneous. Defendant's mental process was a fact as to which his direct evidence was admissible. *Curran v. A. H. Stange Co.* 98 Wis. 598, 607, 74 N. W. 377; *Yerkes v. N. P. R. Co.* 112 Wis. 184, 195, 88 N. W. 33. It was also a fact as to which

the burden of proof rested on him. *Simonsen v. Stachle-wicz,* 82 Wis. 338, 52 N. W. 310; *Mygatt v. Tarbell,* 85 Wis. 457, 467, 55 N. W. 1031. It, of course, might also be established or refuted by inference from the circumstances and conduct themselves (*Vilas v. Mason,* 25 Wis. 310, 324), but direct evidence could not thereby be rendered inadmissible.

An instruction was requested by defendant, and refused, which, with much detail, called attention to the interest of the plaintiff and the duty of the jury to consider such interest in passing on the credibility of her testimony; such instruction closing with the direction, "You are also to subject all the testimony of all the witnesses to the same test." The court gave a general instruction that the interest of all witnesses in the controversy was to be considered and whether such interest affected their testimony. While the instruction so requested states a correct rule of law, we nevertheless think its refusal proper under the circumstances. The plaintiff was not the only interested witness, and it might well have erroneously impressed the jury to have discriminated her from the others. This, as has often been said, is a field fraught with danger. The court properly and wisely made no discrimination between the different witnesses, but informed the jury of their duty to consider the interest of each as bearing upon his or her credibility. The situation is distinguishable from that in *Kavanaugh v. Wausau, ante,* p. 611, 98 N. W. 551, where there was no other interested witness than the one mentioned in the requested instruction, and where the court failed to give any charge as to the effect of interest upon the credibility of witnesses.

There was also requested by the defendant, and refused, an entirely correct instruction as to the rule of *"falsus in uno, falsus in omnibus."* Some of the plaintiff's witnesses were so contradicted, either by their own statement or by other testimony, that the field was open for the application

of this rule. The court not only refused the instruction requested, but failed to give any whatever upon the right of the jury to disregard the uncorroborated testimony of a witness whom they believed to have wilfully sworn falsely to any material matter. In this there was error. Upon a trial presenting such a situation it is the duty of the trial court to inform the jury as to this rule. A breach of that duty may not be reversible error in the absence of specific request, but when, in such a case, request is made and refused, error is committed, which, in the present situation, appears to us to have been prejudicial.

The remaining assignment of error is upon the exclusion of evidence as to the necessary expenses incurred by defendant in seizing and reclaiming the horses after they had been taken to Gates county and transferred by John Strasser to a purchaser there. The evidence was clearly admissible. If the mortgage is valid against the plaintiff, any necessary expenses incurred by defendant may, by virtue of its terms, be realized out of the mortgaged property, and might well affect the extent of defendant's interest therein, and therefore the amount of his recovery of damages in event of nonreturn of the replevied property now in plaintiff's possession.

We find no other assignments of error necessary of discussion. For the reasons already stated, a new trial is unavoidable.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.