REUBEN MILLER

*v*

WILLIAM H. YOUNG's Administrator.

1. PATENT FOR A DESIGN — *its essentials.* It is essential to the validity of a patent for a design, that it should be a new and original one; but the law does not require that it should be useful.

2. FRAUD — *false representations.* A bill was filed to set aside a sale of a patent .right for the manufacture of cast iron cemetery tombs of a particular ornamental design, upon the ground of fraud, which, it was alleged, consisted in false repre-

sentations made by the vendor, as to the durability and probable sale of the tombs. But it was considered that such representations were mere matters of opinion, and even if not true, would not constitute a fraud on the part of the one making them.

WRIT OF ERROR to the Circuit Court of Logan county; the Hon. DAVID DAVIS, Judge, presiding.

This case came before this court at the January Term, 1860, and will be found reported in 23 Ill. 455. The bill was originally exhibited in the court below, in 1854, by William H. Young, against Reuben Miller, to set aside a conveyance and rescind a contract for the sale of a patent right. The allegations of the bill were, substantially, that in the year 1853, Miller, who represented himself as the duly authorized agent of Henry R. Flinchbaugh, who was the owner of a patent cast iron cemetery tomb, and that he was the owner of said patent right to the State of Michigan; that Miller made false and fraudulent representations concerning the durability, cost and usefulness of said cast iron tomb; that he falsely and fraudulently represented said patent to be for a cast iron tomb, and covering the right to use cast iron for such purpose; that said patent was only for a design for a certain combination of ornaments for a cast iron tomb; that Young, through such representations, was induced by Miller to purchase said pretended patent for the State of Michigan; that in payment for the same, Young conveyed to Miller 160 acres of land in Logan county. The allegation then was, that there was fraud and misrepresentation; that the patent was worthless, that it was not an invention within the meaning of the patent laws, because it was not new and original, and because it was of no utility, &c.

The answer of Miller admitted the sale of the patent as stated; admitted making the representations charged, but alleged they were only matters of opinion; denies the fraud charged; and to this there was a replication.

Such proceedings were had that, on a hearing, a decree was entered dismissing the bill. And, on appeal, that decree was reversed, because Flinchbaugh, the principal of Miller, was not

made a party, and because Young did not offer to reconvey the patent, and the cause was remanded.

In conformity with the opinion of the court on that appeal, Young filed an amended bill, making Flinchbaugh a party defendant, and offering to reconvey the title in the patent which he had received from Miller. Notice was given to Flinchbaugh by publication, as a non-resident. At the April Term, 1861, a rule was entered requiring Flinchbaugh to answer within a certain time, and failing to do so, at the October Term, 1862, of the court below, the amended bill was taken as confessed as to him, and a decree entered rescinding the contract and requiring Miller to reconvey to Young the land received in payment for the assignment of the patent right, and in default thereof, that the master make the deed. This last decree is now brought before this court for review, upon writ of error.

Miller insists there was not sufficient evidence to support the decree; while Young contends that the patent was void because the design was not a novel one, and that the representations made by Miller in regard to the durability and probable sale of the tombs, were fraudulent.

Mr. W. H. HERNDON, for the plaintiff in error.

Mr. C. M. MORRISON, for the defendant in error.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

In 1851 one Flinchbaugh obtained letters patent for a design for the form and ornamental part of a cast iron cemetery tomb, and the appellant, as his agent, sold to the appellee's testator the right secured by the letters patent for the State of Michigan, and he brought the present suit to set aside the sale on the ground of fraud. It appears from the evidence that the appellee's testator inspected the letters patent before making the purchase, and was fully aware of the nature of the right which he bought. Designs for any impression, or to be placed on any article of manufacture in marble or other material, or for any new shape or configuration of any article of manufacture,

are patentable under the act of congress of August 20, 1842. It is essential to the validity of a patent for a design, that it should be a new and an original one, but the law does not require that it should be useful. The bill alleges that the patent was void, but the only allegation in that regard necessary to be noticed, is the one stating that the design is not a novel one. The letters patent are not in evidence, and we do not know what particular design was patented. We are unable to determine whether it was a design for an impression, or for an ornament, or some other design. We are not informed whether the claim of the patentee was for an entirely new device in all its parts, or for some new configuration of old devices, so as to make a new design, and there is no evidence before us of the shape or configuration of the cast iron tomb mentioned in the letters patent. There is some evidence in the record that most of the ornaments in the design were not new and original ones, but it is impossible for us, without knowing what was patented, to adjudge the letters patent void for want of novelty in the design, or in the shape or configuration of the tomb. The bill further alleges that cast iron tombs made according to the design were not as durable, saleable, and could not be manufactured as cheaply as the appellant represented. The representations as to the durability and probable sale of the tombs were evidently mere matters of opinion. The cost of their manufacture to a great degree depends upon the number made from the same pattern. If a large number of tombs were cast from one pattern, the representations of the appellant would be substantially true, and it is evident that his representations in regard to the cost were made with reference to making the tombs in that manner. The bill alleges a misrepresentation in regard to the extent of sales previously made in other parts of the country, but the evidence does not sustain the allegation. The decree of the court below will be reversed, and the bill dismissed.

*Decree reversed.*