## JOHN U. MUSICK

### v.

## F. H. GATZMEYER.

*Sales—Real Estate and Insurance Business—Partnership—Fraud— Evidence.*

1. The commission on sales made by real estate brokers is the basis of the value of their business, and the commission is on the value of land and not on the number of tracts on his list, and the expression of an opinion by such broker to a person contemplating the purchase of an interest in his business, as to the amount of profits to be made in such business can not be accepted as a representation of a fact, but must be looked upon as simply an opinion, and not the basis of a right to rescind such contract duly entered into.

2. The representations of the seller that the number of properties on his books has more than doubled within a given time, if untrue, to be deemed fraudulent to the extent that it may be made ground for rescinding the contract, the person to whom they were made must have relied upon them and have been deceived thereby, and it must further be shown that the statements were relied upon to the extent that but for them the contract would not have been made, and this reliance on such statements is a matter to be proven by the plaintiff, and may be disproven by the defendant.

3. It is proper to ask the plaintiff in such case, upon cross-examination, the interest sold being in a real estate and insurance business, whether he would have bought had nothing been said as to the amount of property on the books for sale, or of insurance business being done.

4. A person induced to part with his property on a fraudulent contract, may, on discovering the fraud, avoid the contract and claim a return of what has been advanced upon it, but he must do so at the earliest practicable moment.

[Opinion filed March 3, 1893.]

APPEAL from the City Court of East St. Louis, Illinois; the Hon. B. H. CANBY, Judge, presiding.

Mr. SOLON A. ENLOE, for appellant.

Messrs. E. R. DAVIS and A. FLANNIGEN, for appellee.

MR. JUSTICE PHILLIPS. Appellee brought suit against appellant, alleging in his declaration that the plaintiff, at the request of the defendant, bought a one-half interest in a real estate, insurance, house-building and loan association business, which the defendant was then carrying on in East St. Louis, for the price of $1,250, and avers that the defendant represented the business was a good paying one and they would make money, and plaintiff, confiding in the representations, bought the same, and at the time the representations were so made, the business was of no value, and brings this action to recover the purchase money paid. The sale was made about October 1, 1891, and the plaintiff at once entered the office and became a partner in the business, having access to all books and papers of the firm, and compiled the list of property and issued a bulletin in October, about two weeks after he went into the firm, and continued to exercise his rights as a member of the firm, until about the 6th of February, 1892. The fraudulent representations that plaintiff claims, were first made in a letter of defendant to plaintiff, inclosing a bulletin, in which he wrote, " I inclose you herewith a copy of our real estate sheet, showing list of property handled by us, which has more than doubled since the issue of the sheet inclosed," and further states that in the conversation between the plaintiff and defendant, the defendant made false representations as to what the value of the business had been for the year preceding, and as to the amount of profits the firm would make for the ensuing year.

The evidence of the plaintiff is, that when he made the

bulletin in October he did not know how many tracts were listed when he went into the firm and did not know the relative value of the property listed on the first and second bulletins and made no investigation as to the value or number, and testifies that the second bulletin was but little larger than the first. The defendant testifies that the amount of property in the second bulletin, in value, is about double that in the first. The commission on sales made by real estate brokers is the basis of the value of their business, and the commission is on the value of land, and not on the number of tracts, and the expression of an opinion as to the amount of profits to be made could hardly be accepted as a representation of a fact by even the most credulous, for a representation as to the amount of profits to be derived from commissions on sales and the business of insurance agents can be but the expression of an opinion, and any such representations testified to as made by the defendant were evidently merely the expression of an opinion (Miller v. Young, 33 Ill. 354), and not the basis of a right to rescind, and if the representations as to the list having doubled were made, and were untrue, to be deemed fraudulent to the extent that it may be made the basis or ground for rescinding a contract, the person to whom they are made must have relied upon them and have been deceived thereby, and it must further be shown that the statements were relied upon to the extent that but for them the contract would not have been made. Fauntleroy v. Wilcox, 80 Ill. 477; Merwin v. Arbuckle, 81 Ill. 501.

And this reliance on such statements is a matter to be proven by the plaintiff, and may be disproven by the defendant. And the defendant, as appears from the record, answered that he would have bought the one-half interest if the statement in the letter that the amount of property listed had doubled since the last bulletin, had not been made. The plaintiff testifies that similar representations had been made by the defendant as to the list of property having doubled and the value of the business shortly prior to the contract of sale, and while permitted to testify to

that fact, yet, on cross-examination, the court sustained objection to the following questions asked him : " Suppose he hadn't said anything about the insurance, would you have bought it then ? I want to ask you the question whether or not you would have bought an interest in that firm if J. U. Musick had said nothing about the amount of property he had on hand for sale ? I will ask you if you would have bought an interest in that firm if J. U. Musick had said nothing about the amount of insurance they were doing ? " These questions were proper, and the evidence material, and it was error to sustain the objection to same. And the plaintiff, having access to the books and papers of the office, could determine the list of property for sale and make a list of the same within two weeks after he became a member of the firm, and with all this knowledge, continued to be a member of the firm until February 6th, following.

It is held in Hall v. Fullerton, 69 Ill. 448 : " A person who is induced to part with his property on a fraudulent contract, may, on discovering the fraud, avoid the contract and claim a return of what has been advanced upon it. He has his election to affirm or disaffirm the contract. But if he would disaffirm the contract he must do so at the earliest practicable moment after discovery of the fraud."

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*