ERNEST A. CHARBONNEL *vs.* FREDERICK W. SEABURY.

PROVIDENCE—JANUARY 31, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Deceit. Estoppel.*

In an action of deceit plaintiff charged that defendant induced him to take an interest in his business as a dentist for a term of years, representing it to be worth $20,000 a year, for which plaintiff was to pay him $1,000 and work in his office ; that after a trial of six months he found that the yearly business amounted to less than $5,000 a year. It appeared in evidence that defendant was ejected from the house, which he had represented as his own, where the business was carried on. On petition for new trial :—

*Held,* that plaintiff was not estopped from setting up the falsity of the statements in an action of deceit by continuing to carry out the contract after he had knowledge that defendant had failed and was regarded as financially irresponsible, since these were not the facts set up as the basis of action.

*Held,* further, that the period of six months during which plaintiff worked under the contract was not an unreasonable time, or so long as to be deemed to have affirmed the contract, notwithstanding the deceit.

(2) *Deceit. Damages.*

*Held,* further, that testimony relating to plaintiff's income prior to the contract was properly admitted, as the damages would include both the loss of money and time put into the business, for both were within the contemplation of the parties and a part of the consideration given by plaintiff to defendant.

DECEIT. Heard on petition of defendant for new trial, and petition denied.

(1)   STINESS, C. J. The plaintiff sues to recover damages from the defendant for false representations. The charge is that

the defendant induced the plaintiff to take a one-fifth interest in his business as a dentist for a term of five years, representing it to be at least $20,000 a year in amount, for which the plaintiff was to pay him $1,000 and work in his office; that, after a trial of six months, he found that the yearly business amounted to less than $5,000 a year. It appeared in evidence that the defendant was ejected from the house, which he had represented was his own, where the business was carried on, and that the copartnership then came to an end.

The jury found for the plaintiff in the sum of $867, and the defendant asks for a new trial.

The defendant relies upon the point that if the plaintiff knew of the falsity of the statements before he had fully consummated the contract by final payments, he is estopped, by continuing to carry out the contract for the period of six months, from setting up the falsity in an action of deceit.

The facts which the defendant claims that the plaintiff knew were the reports of Dunn's and Bradstreet's agencies that the defendant had failed in business and that they did not know how a bill could be collected from him.

But these are not the facts set up as the basis of action. The defendant may have failed and have had no known property available to creditors and still be doing a business, as it is claimed that he represented he was doing, of $20,000 per year.

The defendant's assumption is that one state of facts is equivalent to the other. We do not see that it is so.

Indeed, the plaintiff himself brings this out in his testimony of what he says the defendant told him, viz.: "That, of course, although I had no property, my business was all right; I had a good business and the best of connections and all that."

We do not think that the verdict is against the evidence on this point.

The objection that the plaintiff worked under the contract for a period of six months is also unsound. He was bound to work long enough to find out whether the statements

were true. If he had stopped at once he would have met with the objection that he could not know that the business did not produce what was promised. He was bound to give it a fair trial, and the testimony does not show that he waited an unreasonable time or so long as to be deemed to have affirmed the contract, notwithstanding the deceit. There is no reason for a new trial on this account.

(2) The defendant excepts to the admission of testimony relating to the plaintiff's income prior to this contract. The action is trespass on the case for deceit.

The general rule in such cases is that the plaintiff is entitled to such damages as are the natural and necessary result of the false representations. *Buschman* v. *Codd,* 52 Md. 202 ; 14 Am. & Eng. Ency. Law, 2d ed, 177, and cases cited. In the present case it would include both the loss of money and of time put into the business, for both were within the contemplation of the parties and a part of the consideration given by the plaintiff to the defendant. It was therefore competent to show what the plaintiff's time was worth, and from it would be deducted what he had received under the contract. This was done at the trial, and the result was, in fact, favorable to the defendant, since the amount received exceeded, slightly, the amount that he had previously earned, and the amount of the verdict was less than the sum paid by the plaintiff.

Another exception was to the allowance of the question : "Why did you sign the agreement?" The objection is that the question permitted and called for simply a mental process on the part of the plaintiff, and not for a fact.

The answer discloses that he believed the defendant's statement as to the extent of his practice, and also his statement as to his ownership of the house as added evidence of the truth of the former statement.

It amounts to nothing more than that he relied on the defendant's statements and believed them, having reasonable ground so to do. These facts were fully testified to in the other parts of the testimony, to which no objection was,

or could be, taken, and the form of the question shows no ground for a new trial.

Petition for a new trial denied.

*Van Slyck & Mumford*, for plaintiff.

*E. D. Bassett*, for defendant.