T. C. Kearney et al., Appellees, v. Thomas M. Davin, Appellant.

1. STATUTE OF LIMITATIONS—*when new cause of action conceded as not set up.* A motion to strike counts from the files because they allege the same and no other cause of action than that alleged in the original counts, concedes the identity of the causes of action and precludes the subsequent successful interposition of pleas relying upon the Statute of Limitations,

2. Deceit—*what evidence competent in action for.* Where the declaration in an action for deceit alleges a conspiracy not as the *gravamen* of the action but in aggravation of the wrong, evidence of facts and circumstances tending to show such conspiracy is properly admitted.

3. Deceit—*how belief and reliance upon representations established.* In an action of deceit it is competent to permit the plaintiffs to testify that they believed and relied upon the alleged false and fraudulent representations made to them by the defendant.

4. Deceit—*propriety of exemplary damages. Held,* in this case, that the evidence justified the authorization to the jury to allow exemplary damages.

5. Variance—*when objection for comes too late.* An objection of variance first made on appeal comes too late and will not be considered.

6. Instructions—*when undue emphasis will not reverse.* Undue emphasis of a particular element in issue in the cause while improper will not reverse in the absence of prejudice appearing.

Appeal from the Circuit Court of Moultrie county; the Hon. Granville W. Cochran, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911. *Certiorari* denied by Supreme Court (making opinion final).

James W. & Edward C. Craig, F. J. Thompson and W. H. Whitaker, for appellant.

E. J. Miller and A. W. Lux, for appellees.

Mr. Justice Baume delivered the opinion of the court.

This is a suit brought by the appellees, T. C. Kearney and R. E., W. L. and J. H. Bailey against the appellant, Thomas M. Davin, to recover damages for the alleged fraud and deceit of said appellant, conspiring with H. A. Six, W. E. Moore, W. W. Shelley and the Marine Bank of Springfield, whereby said appellees, using the name of T. C. Kearney, were induced to sign three certain notes, two for $833 each and one for $834 all bearing date April 29, 1903, and payable to said Moore, who claims to have endorsed the same to said Marine Bank before maturity. Upon two of said notes judgment was entered against appellees with the fraudulent connivance of said Shelley, an attorney employed by appellees, acting with said co-conspirators, upon which judgment an execution was issued and appellees were compelled to pay thereunder the sum of

$834, and necessarily incurred other costs and expenses in that behalf. The trial of the case by a jury resulted in a verdict and judgment against appellant for $1,500, from which judgment he prosecutes this appeal. The case was submitted to the jury upon the first amended count of the declaration filed October 1, 1908, the first additional count filed March 6, 1909, and a count in trover, upon which latter count the jury under the direction of the court found the issues for the appellant. To these several counts appellant pleaded the general issue, the Statute of Limitations, and a plea denying appellees' co-partnership. Demurrers interposed to the pleas of the Statute of Limitations to the first amended and additional counts were sustained by the court, and the demurrer to the count in trover was overruled. The original counts of the declaration were filed September 18, 1908, and two amended counts were filed September 28, 1908.

There is no ground for appellant's contention that the court erred in sustaining the demurrers to the pleas of the Statute of Limitations to the first amended and additional counts of the declaration. Appellant's motion to strike said counts from the files because they alleged the same and no other cause of action as was alleged in the original counts necessarily conceded the identity of the causes of action as alleged in all of said counts. Furthermore, the allegation in the counts last filed that said notes were signed by appellees upon the representation of appellant that certain other persons "had agreed to and would sign" the same did not state a different cause of action from that stated in the original counts, wherein it was alleged that said notes were signed by appellees upon the representation by appellant that certain other persons "had agreed to sign" the same.

The evidence, fairly considered, supports the material allegations of the first amended and the additional counts of the declaration, and discloses substantially the following state of facts: Appellant was in the employ of one Moore who was engaged in the business of selling stallions. On or about March 30, 1903, appellant sought to sell to various

persons residing in Moultrie county, a German Coach Stallion called "Garf" for $2,500 represented by twelve and one-half shares at $200 per share. The signatures of the several persons subscribing for such shares were written on one page of a memorandum book, which signatures were followed by a designation of the number of shares subscribed for. There is evidence tending to show that the page upon which the signatures appeared was folded in the center and held in the book by a rubber band so that the portion of the page which was folded back and upon which the agreement was printed, or partly printed and partly written, was not exposed to view, and that appellant then verbally represented to appellees that all of the subscribers thereto would sign joint and several notes for the purchase price of the stallion. The agreement preceding the signatures of the subscribers was, as follows:

"Wm. Eaton Moore, Springfield, Ill.
Lovington, Ill., March 30, 1903.
We, the undersigned, agree to pay to the Wm. Eaton Moore the sum of $2,500.00 for the German Coach Stallion, Garf, German No. 5095; American No. ........ Capital Stock $2,500.00, No. of Shares 12½ at $200.00 per share. Payments to be made by cash or joint notes drawing 6 per cent interest from date. Three payments to be made—one, two and three years."

Preceding the name of T. C. Kearney, signed by one of the appellees for all, as subscribing for one share, there appeared among others the signatures of Louis Englebreath, O. T. Atchison and J. H. Dawson.

When appellant presented the three notes to appellees for the signature of T. C. Kearney, appellee, R. E. Bailey, objected to signing the same because they had not then been signed by all other subscribers for shares in the horse, including Englebreath, Atchison and Dawson. Appellant then stated to appellees, R. E. and W. L. Bailey, that said persons had agreed to and would sign said notes as joint and several makers thereof; that he would procure their signatures to said notes before delivering the same to the payee, Moore,

and that in the event that said persons did not sign said notes the same would be null and void. Appellee, R. E. Bailey, relying on the said representation of appellant, then signed the name of T. C. Kearney to said notes. Within two or three days thereafter appellee, R. E. Bailey, having ascertained that Englebreath, Atchison and Dawson had not signed said notes, and that they had no intention of signing the same, caused appellant to be arrested for fraudulently obtaining the signature of T. C. Kearney thereto and the bail required by appellant was furnished by one Hostetler, at the instance and request of the Marine Bank of Springfield. Upon the hearing before a justice of the peace the notes were produced by appellant and were ordered by the justice to be impounded until the final determination of the proceedings. One W. W. Shelley, claiming to be an attorney practicing his profession at Springfield, appeared for appellant at said hearing and having secured possession of the notes for the avowed purpose of examining appellant as a witness with reference thereto, handed the same to appellant, who put them in his pocket and refused to again produce them, and for his conduct in that regard was adjudged by the justice to be in contempt of court and for such contempt was fined $25. Moore, who was named as payee in said notes, resided in Sangamon county and all of the makers of said notes were residents of Moultrie county. After said notes matured and before suits were brought to recover thereon, Moore and the appellant induced H. A. Six, one of the makers of said notes, to remove to Sangamon county, they paying his moving expenses and promising him employment as a salesman of stallions. Shortly thereafter suits were brought on said notes in the circuit court of Sangamon county by the Marine Bank of Springfield, as the owner of said notes or as holding the same as collateral for a debt of Moore, against all of the makers including the appellee, T. C. Kearney. While said suits were pending, Shelley, claiming that he had severed his connection with appellant and Moore, induced appellees to retain him to defend said suits, and appellees paid him a retainer fee for his serv-

ices and also gave him $100 to be paid by him to R. H. Patton, a reputable attorney practicing his profession at Springfield, with directions to employ him to assist in defending the suits. Shelley failed to retain Patton but retained the $100. When the suits upon the first two notes were called for trial, Shelley failed to appear in court in behalf of appellees, claiming illness as an excuse for his nonappearance, and judgment was rendered against appellee, Kearney, and others for the amount of said notes. Subsequently appellees retained Mr. Patton to apply for an order vacating or opening up said judgment and for leave to plead, but owing to lapse of time the application in that behalf was unavailing. For his services in securing persons to subscribe for shares in the stallion appellant was to be paid a commission of from twenty to twenty-five per cent on the amount realized from such subscribers.

At the time of the trial of the case at bar the suit on the third note given for the purchase price of the stallion was still pending and undetermined. The stallion mentioned in the contract was never delivered to the shareholders, but was sold by appellant to a stranger.

A consideration and discussion of all the errors assigned and argued by appellant would unduly extend this opinion. We have carefully considered all such errors and shall only advert to those we deem of sufficient importance to merit discussion. The declaration alleges a conspiracy, not as the *gravamen* of the action but in aggravation of the wrong, and for this purpose evidence of facts and circumstances tending to show such conspiracy was not improperly admitted. London Guarantee Co. v. Horn, 101 Ill. App. 355, affirmed in 206 Ill. 493.

The evidence showing that appellant was arrested upon complaint of appellee, R. E. Bailey, and that upon the hearing before the justice appellant was held to be in contempt of court and fined therefor was admitted generally without objection. Appellant concedes that the evidence was competent under the count in trover and we are of opinion it was also competent as tending to show participation by W. W.

Shelley in the proceedings before the justice, and that he was a co-conspirator with appellant. The third note was shown to have been executed at the same time and under the like circumstances attending the execution of the first two notes that were merged in a judgment which appellees were required to pay, and proof that a suit was pending in Sangamon county to enforce the payment of the third note was competent as tending to show the disposition and effort of appellant to compel the payment by appellees of an unrighteous claim and also as affecting the question of damages arising out of the cost and expense which appellees would incur in defending said suit. The question of a variance between the allegations of the declaration and the proofs relating to the fraudulent conduct of appellant in securing the signatures of Atchison, Englebreath and Dawson for shares in the stallion was not raised in the court below by mere general objections and objections upon the ground of variance cannot be availed of here for the first time. Objection to other evidence admitted is not tenable, because it tended to establish the conspiracy alleged in the declaration. In this character of action it was competent for appellees to testify that they believed and relied upon the alleged false and fraudulent representations made to them by appellant. Haldeman v. Schuh, 109 Ill. App. 259.

The second, third and fifth instructions given at the instance of appellees unduly emphasize the charge of conspiracy alleged in the declaration, but neither of said instructions directs a verdict and when considered in connection with the other instructions given in the case could not have operated to the prejudice of appellant.

The sixth instruction given at the request of appellees does not as is insisted by appellant assume the existence of any facts in controversy, nor does it omit the element in the representations alleged to be false, that Atchison, Englebreath and Dawson had agreed to and would sign the notes in question as joint makers thereof. There is some evidence in the case tending to show that the Marine Bank of Springfield was not a *bona fide* holder of said notes for value before ma-

turity but that said notes belonged to the original payee, Moore, when suits were instituted to collect the same. We perceive no substantial error in the instruction as given.

It is urged on behalf of appellant that the true measure of damages, if any, to be awarded appellees was the proportionate share of the two notes which appellees were compelled to pay by reason of the failure of Atchison, Englebreath and Dawson to sign said notes, and that the court erred in refusing to so instruct the jury.

The false and fraudulent representations made by appellant relieved appellees of any liability whatever upon the notes and the measure of damages insisted upon by appellant is not applicable to the case. The case made by appellees warranted the jury in assessing exemplary damages against appellant and the seventh instruction announced the rule relative to exemplary damages with substantial accuracy. The eighteenth instruction tendered by appellant and given to the jury as modified by the court was improper as tendered and the modification by the court did not render it less so. The instruction should have been refused as offered but the modification by the court should not in this case operate to reverse the judgment. Other instructions tendered by appellant and refused by the court are so palpably erroneous as not to merit discussion.

The evidence considered as a whole warranted the jury in finding that appellant wilfully and wantonly perpetrated a gross fraud upon appellees and we are not disposed to hold that the damages awarded, although high, are so excessive in view of the liability of appellant for exemplary damages that the judgment should be disturbed upon the ground alone that it is excessive.

While the record is not free from error the judgment stands for substantial justice between the parties upon the merits of the case and will be affirmed.

*Affirmed.*