COTTRELL ET AL. v. CHICAGO, TERRE HAUTE AND
SOUTHEASTERN RAILWAY COMPANY ET AL.

[No. 23,937.   Filed March 13, 1923.]

1. EMINENT DOMAIN.— *Condemnation of Land for Railroad
Right of Way.—Objections to Petition.—Sufficiency.—Statutes.*
—Since, in a proceeding by a railroad company to condemn
land for a right of way, the petitioner is required, in view of
§932 Burns 1914, Acts 1905 p. 59, §4, relating to appraisal in
condemnation proceedings, to prove the averments of its peti-
tion, so far as to establish that it has the right to exercise the
power of eminent domain for the use sought, although no an-
swer is filed, it was not error to overrule objections merely
denying petitioner's right under the law; nor was it error to
overrule objections which merely denied facts alleged in the
petition, since such objections presented no issue not already
fully before the court.   p. 694.

2. RAILROADS.— *Construction.— Branches to Mineral Lands.—
Statutes.—"Gravel."—*Section 5425 Burns 1914, Acts 1889 p.
100, giving a railroad company the right to build a branch
line extending to mineral lands containing coal, iron, or build-
ing stone, not more than fifty miles from the main line of the
railroad, authorizes the building of a branch line to a gravel
pit, gravel consisting of stone, more or less broken up and
disintegrated, and which is used extensively for building pur-
poses.   p. 695.

From Sullivan Circuit Court; *William H. Bridwell,*
Judge.

Condemnation proceedings by the Chicago, Terre
Haute and Southeastern Railway Company and others
against Daniel V. Cottrell and others.   From the judg-
ment rendered, the defendants appeal.   *Affirmed.*

*Lindley & Bedwell* and *Hamill, Hickey, Evans & Dan-
ner,* for appellants.

*Beasley, Douthitt, Crawford & Beasley, Charles D.
Hunt* and *Moore & Moore,* for appellees.

EWBANK, J.—Appellee railway company filed a peti-
tion in the superior court of Vigo county, by which it
sought to appropriate a strip seventy-five feet wide

across lands owned by appellants near the Wabash river as right of way on which to build a track to a gravel bank, beginning at the terminus of an existing "branch" or switch which leads off from appellee's main line to a small station called "Perkins," where there is a "loading track" for the use of teamsters, a spur to a gravel pit, and a spur running into an elevator owned by appellants. The trial court, after sustaining demurrers to certain objections filed by appellants and hearing evidence on the issues formed on others, found that appellee was entitled to appropriate the land petitioned for, and entered an order appointing appraisers, from which order this appeal was taken.

The petition alleged, in substance, that appellee is a railroad corporation of Indiana, operating a line of railroad and engaged in the business of a common carrier and in the usual ordinary business incident to the operation of a railroad; that near its railroad are large tracts of land underlaid with minerals, including gravel, on some of which mines, quarries and gravel pits are being operated, while on other such lands the operation of gravel pits is contemplated; that appellee company has surveyed, located, staked out and determined to build, and is desirous of constructing a branch railroad from its main line to a designated gravel pit, extending across certain described lands owned by appellants over a route described, which will not exceed fifty miles in length nor extend more than fifty miles from the petitioner's main line; that said gravel pit has no railroad connection, nor means of shipping its product by railroad; and that the petitioner made an effort to agree with said owners and each of them for the purchase of such right of way, but was unable to do so; that such right of way is necessary for plaintiff's use for the construction and maintenance of such branch railroad, and will be used only for railroad purposes.

Appellants filed forty objections to twenty-eight of which the court sustained demurrers. The twenty-eight thus rejected consisted of a general denial of the facts alleged in the petition, specific denials of particular facts alleged, and denials of certain conclusions of law which necessarily follow if the facts stated in the petition constitute a cause of action and are true.

Appellants have not suggested any insufficiency of the facts stated in the petition to constitute a cause of action, and we do not perceive wherein they are in-

1. sufficient in point of law. The objections which merely denied the petitioner's right under the law were properly overruled. §930 Burns 1914, Acts 1905 p. 59, §2.

The petitioner in a proceeding of this kind is required to prove the averments of its petition, so far as to establish that it has the right to exercise the power of eminent domain for the use sought, without any answer at all being filed. §932 Burns 1914, Acts 1905 p. 59, §4.

Therefore, mere denials of facts alleged in the petition presented no issue not already fully before the court, and the objections which only denied its allegations were properly overruled. *Westport Stone Co.* v. *Thomas* (1911), 175 Ind. 319, 329, 94 N. E. 406, 35 L. R. A. (N. S.) 646.

The evidence proved, without dispute, the facts alleged in the petition, except so far, if at all, as they were disproved or modified by evidence of the following facts:  That the main line of appellee's railroad is more than two miles from appellant's land; that a branch line or switch runs therefrom to a point near the land owned by appellants, where it separates into spurs, one used for a loading track on lands owned by the railroad company, another extending into and almost across appellant's lands, close to their elevator on the side next to

the river, and a third, between that and the river, extending into a gravel pit on the railroad land north of the elevator; the proposed extension, as surveyed and located, will run from the end of the last-mentioned spur, down along the river bank, across appellant's land, between the elevator and the river, into a tract of land farther south, owned by certain persons who are engaged in the business of excavating and selling sand and gravel from other gravel banks; there is no present plan or immediate purpose to build the extension beyond a gravel bank situated on this tract of land; the proposed railroad will belong to the appellee railroad company, but will not touch any public highway from the point where it enters upon appellant's land down to the gravel bank; the general public cannot have access to it unless over lands privately owned; the owners of the gravel bank orally agreed to pay the cost of acquiring the right of way and putting in the track to get the switch; there is enough gravel in the bank to which the proposed track will extend to supply the public for a number of years.

Gravel consists of stone, more or less broken up and disintegrated, and is used extensively for building purposes. Building a branch line extending to mineral lands containing gravel, less than fifty miles from the main line of the railroad, is therefore authorized by the statute. §5425 Burns 1914, Acts 1889 p. 100.

The objections that the proposed new construction will not begin at the main line of the railroad, but will be an extension of an existing switch track, and that it is being located and built to furnish shipping facilities for private individuals who own the gravel bank to which it is to be extended, are sufficiently answered by the cases cited below. *Bedford Quarries Co.* v. *Chicago, etc., R. Co.* (1911), 175 Ind. 303, 94 N. E. 326, 35 L. R.

A. (N. S.) 641; *Westport Stone Co.* v. *Thomas, supra.* The judgment is affirmed.