CHESTER *v.* AMERICAN TRUST AND SAVINGS BANK.

[No. 11,689.   Filed October 5, 1923.   Rehearing denied January 10, 1924.   Transfer denied October 26, 1928.]

*Otto J. Bruce, Foster Bruce, Daniel E. Kelly* and *Timothy P. Galvin,* for appellant.

*Grant Crumpacker, Owen L. Crumpacker, John P. Crumpacker* and *Roscoe R. Peddicord,* for appellee.

NICHOLS, J.—Action by appellee against appellant and one Blachly, to recover on a promissory note executed by appellant to the said Blachly and indorsed by him to appellee. The note was given by appellant to said Blachly as part of the purchase price for a farm tractor.

It was averred in the complaint that the note was assigned before maturity to appellee for a valuable consideration by said Blachly. Appellant filed answer in two paragraphs, the first of which alleged false and fraudulent representations by Blachly in procuring the execution of said note. The second paragraph alleged breach of a written contract of warranty of the tractor for which the note was given. Each paragraph alleged notice on appellee's part of the alleged fraud and breach of warranty. There was no denial filed to the complaint. Appellee filed a reply in five paragraphs, one paragraph of which admitted the false and fraudulent representations and the failure of the written warranty upon the part of the said Blachly, but denied knowledge thereof by appellee, and set up in that connection that the appellee was a *bona fide* holder of the note in suit in the due course of business, and that appellee purchased the note before the maturity thereof for a valuable and substantial consideration without notice or knowledge of any defense thereto. The second and other paragraphs pleaded estoppel and, in that connection, averred that said Blachly sold a tractor to appellant, taking his promissory note therefor, that appellant solicited appellee to purchase said note, and that, at the time of purchase, it had no knowledge or notice of any defense to the note.

There was a trial by jury, which returned a verdict against appellant and said Blachly, who had indorsed the note to appellee, for $1,649.95, on which, after appellant's motion for a new trial was overruled, the court rendered judgment for appellee, and this appeal is prosecuted from that judgment.

The error presented for reversal is that the trial court erred in overruling appellant's motion for a new trial.

Appellant complains of the action of the court in overruling his objection to the following question propounded on cross-examination to appellant's wife: "Didn't you plow for Mr. Sturdevant?" No answer appears to this question in appellant's motion for a new trial, nor does it appear in appellant's brief that there was any answer to the question. The question may have been answered in the negative, in which event it would certainly have been harmless. No question is presented. *Indianapolis, etc., R. Co.* v. *Ragan* (1909), 171 Ind. 569, 572. We may say, however, that the witness had testified on direct examination that at a time theretofore the tractor involved was "all broke to pieces and could not be used." Having so testified, she could certainly be cross-examined as to whether the tractor was not thereafter used.

The cashier of appellee bank was permitted to testify, over the objection of appellant, that he purchased the note in suit on the statement of appellant, that it was all right and on his request to buy it, and that he relied on such statement and request in making the purchase. Appellant contends that the admission of such evidence was error. But there was no error in the court's ruling. *Musick* v. *Gatzmeyer* (1892), 47 Ill. App. 329; *Kearney* v. *Davin* (1911), 162 Ill. App. 37; *Fagan* v. *Lentz* (1909), 156 Cal. 681, 105 Pac. 951, 20 Ann. Cas. 221; *Breshears* v. *Callender* (1913), 23 Idaho 348, 131 Pac. 15; *Farmers Nat. Bank* v. *Hatcher* (1916),

176 Iowa 259, 157 N. W. 876; *Commonwealth* v. *O'Brien* (1898), 172 Mass. 248, 52 N. E. 77; *Wheeler* v. *Chestnut* (1902), 95 Mo. App. 546, 69 S. W. 621; *Cressler* v. *Rees* (1889), 27 Nebr. 515, 43 N. W. 363, 20 Am. St. 691; *Commonwealth* v. *Julius* (1896), 173 Pa. 322, 34 Atl. 21; *Charbonnel* v. *Seabury* (1902), 23 R. I. 543, 51 Atl. 208; *Holbrook* v. *Quinlan & Company* (1911), 84 Vt. 411, 80 Atl. 339; *Strasser* v. *Goldberg* (1904), 120 Wis. 621, 98 N. W. 554.

Appellee's "Exhibit B" was a memorandum made by appellee's cashier relative to the purchase of the note in suit. It was read in evidence over the objection of appellant, but there is nothing in appellant's brief that indicates what the objection was. The question which appellant attempts to raise is therefore waived. *Fuller* v. *Fuller* (1913), 52 Ind. App. 488, 100 N. E. 869.

There was no error in refusing to give appellant's instruction No. 1. This instruction stated the issues, but they were sufficiently stated in the instructions given by the court.

Instruction No. 10 given by the court was as follows: "You are instructed that the complaint and the replies of the plaintiff, and the answers of the defendants to which your attention has been called, are not evidence in this case, and the statements and allegations therein are not to be considered by you as evidence in this case, as those pleadings only form the issues to be tried in the case." This instruction, under the circumstances herein, was reversible error. Appellee's reply admitted fraudulent representations and breach of warranty as averred in the answer and appellant had been permitted, without objection, to read his answer in evidence, but was not permitted to give any other evidence as to the existence of fraud or breach of warranty as averred in the answer. But the court,

without instructing the jury as to the effect of appellee's admissions in its reply, by instruction No. 10 informed the jury that the answer and the reply containing the admission of the averments in the answer as to fraudulent representations and breach of warranty were not evidence and that the statements contained therein were not to be so considered. That this is not a correct statement of the law, see *Boots* v. *Canine* (1884), 94 Ind. 408. With such an instruction, there was no evidence before the jury of the fraudulent representations or breach of warranty, while instruction No. 16, which is unchallenged, informed the jury, in effect, that these matters were in issue. Had the jury been instructed as to the effect of appellee's admissions, and that the facts admitted were not in issue, instruction No. 10 would have been harmless, but without such instruction, we cannot say that appellant's rights were not prejudiced. For this error, the judgment is reversed, with instructions to grant a new trial.

McMahan, C. J., not participating.