ROOT ET AL. *v.* STATE OF INDIANA.

[No. 26,037. Filed October 31, 1934.]

George E. Hershman and Roy C. Hedman, for appellants.

James M. Ogden, Attorney-General, and Conner D. Ross, Assistant Attorney-General, for appellee.

TREANOR, J.—This is an appeal from a judgment of condemnation of certain of appellants' land for the improvement of a state highway. The land sought to be condemned was at the proposed intersection of two state highways and at such intersection it was proposed to construct a viaduct or bridge to carry one highway over the other, so that said highways would not cross each other at grade. At the trial below, and upon appeal, the objection is urged that "the appellee, by and through its State Highway Commission, had no power, authority or jurisdiction to condemn appellants' property in order to construct a grade separation of one public highway over another." Appellee insists that appellants' objection, directed at the right of the highway commission to separate grades of two highways under its control, constitutes an attack upon the method or manner of the construction of highways; that "the power of eminent domain has nothing to do with the method or manner of construction; that power is necessary only to procure a place to put the structure or procure materials for its construction or something incidental to its use."

Even though the power of eminent domain is inherent in the state, an agent of the state can exercise the

power only when the legislature has conferred the necessary authority. The occasion, mode, and conditions upon which an agent of the state may exercise the power of eminent domain in behalf of the state are to be prescribed by the legislature. *Richland School Township* v. *Overmyer* (1905), 164 Ind. 382, 73 N. E. 811. The delegation to a state agency of the right to exercise the power of eminent domain carries with it the authority to determine the necessity for its exercise to accomplish an authorized purpose, and the question of such necessity is not for judicial determination. But a judicial question will be presented when it is insisted that the purpose for which the agent seeks to exercise the power of eminent domain is unauthorized. Consequently, while the courts will not review a decision of the highway commission as to the necessity of separating the grades of two intersecting state highways, the courts will examine the statutory grant of authority to determine whether there is included therein the authority to exercise the power of eminent domain for the purpose of acquiring land deemed necessary in the separation of such grades.

The authority to exercise the power of eminent domain is conferred upon the state highway commission by §24 of ch. 53, Acts 1919, §8292, Burns Ann. Ind. St. 1926.[1] That section provides, in part, that "the state highway commission is hereby endowed with the right of eminent domain, insofar as the same may be neces-

---

*Note 1.* "The state highway commission is hereby given the right, in the name of the State of Indiana, to purchase, or by voluntary grants and donations receive, or otherwise acquire, lands and rights necessary for the . . . relocating, widening or straightening of any state highway, or necessary for the clearing and removing of obstructions to the vision at highway crossings and curves or for any other purpose or use contemplated by this act. The state highway commission is hereby endowed with the right of eminent domain, insofar as the same may be necessary or proper for the carrying out of the provisions of this act. . . ." §8292, Burns, etc. 1926.

sary or proper for the carrying out of the provisions of this act." From an examination of the provisions of the act it is apparent that the General Assembly contemplated and undertook to authorize changes in the line and location of highways which, in the opinion of the highway commission, would "promote public convenience and safety."

This court will take judicial notice that under present traffic conditions the safety and convenience of the public may require that in highway construction one highway be carried over another on a viaduct and thus avoid an intersection on grade with the hazards connected therewith. This is simply a construction problem, as much so as deciding whether to build a road along a ridge or to carry it across a valley on a viaduct. The objection that the highway commission was without power to exercise the right of eminent domain to obtain land for use in constructing a viaduct to carry one road over another and to establish traffic connections between the two roads is without merit.

The court's finding and judgment of condemnation is questioned by appellants by their second proposition under "Points and Authorities" on account of the absence of evidence that the highway commission "was unable to agree with the owners of the land touching the damages sustained or touching the purchase price of the land."

It is provided in §8292, Burns, etc., 1926, that: "If the state highway commission shall be unable to agree with the owner of the land or right, . . . touching the damages sustained by such owner, or touching the purchase price of the land or right, the state highway commission may proceed, in the name of the State of Indiana, in the exercise of the right of eminent domain. . . ." The Eminent Domain Act (§7680, *et*

*seq*. Burns, etc., 1926, §3-1701, Burns 1933, Acts 1905, ch. 48, p. 59) provides that: "Before proceeding to condemn, such person, corporation or other body . . . shall make an effort to purchase for the use intended such lands. . . ." An allegation of inability to agree is required by §7681, Burns, etc., 1926, §3-1702, Burns 1933. Appellants' contention is as follows:

> "As a condition precedent to institute this proceeding, appellee was required to allege and prove by competent evidence that the Highway Commission was unable to agree with the owners of the land touching the damages sustained or touching the purchase price of the land. Appellee alleged such facts in its complaint, but there was no evidence to prove such facts, and the Court was not warranted in entering judgment condemning and appropriating appellants' property." (Appellants' Brief, p. 28.)

Appellant, The Commercial Bank, filed a separate answer which cannot be considered an objection. It amounts to a petition setting up the interest of The Commercial Bank as trustee-mortgagee and prays that its interest be protected by the final order of the court. This answer recites "that the plaintiff herein never made any offer or attempt to settle with the defendant, The Commercial Bank, as Trustee" but there is no objection to the proceedings on that ground. Appellants Clayton D. Root, Grace Hill Root, and William H. Morches, "each separately and severally and all jointly" objected to the proceedings but no objection was made on the ground that plaintiff had made no attempt to purchase the land or to agree touching the damages sustained. We must consider the foregoing contention of appellants in the light of the fact that no objection was filed on the ground of failure to make an effort to purchase or agree upon the question of damages.

In *Cottrell* v. *Chicago, etc., R. Co.* (1923), 192 Ind.

692, 694, 138 N. E. 504, which was an appeal from a judgment of condemnation, this court said:

"The petitioner in a proceeding of this kind is required to prove the averments of its petition, so far as to establish that it has the right to exercise the power of eminent domain for the use sought, without any answer at all being filed,"

citing §4 of the Eminent Domain Act (§7683, Burns, etc., 1926, §3-1704, Burns 1933.) That section provides for the proof of service of notice and of publication and authorizes the "court, or judge in vacation, being satisfied of the regularity of the proceedings and the right of the plaintiff to exercise the power of eminent domain for the use sought," to appoint appraisers.

Provision is made by §5 of the act (§7684, Burns, etc., 1926, §3-1705, Burns 1933)[2] for objections to the proceedings on account of lack of jurisdiction either of the subject matter or person, or that the plaintiff has no right to exercise the power of eminent domain for the use sought, or for any other reason disclosed in the complaint or set up in such objections. That section further provides that "no pleadings other than the complaint and such statement of objections shall be allowed in such cause, except the answer provided for in

*Note 2.* "Any defendant may object to such proceedings on the ground that the court has no jurisdiction either of the subject matter or of the person, or that the plaintiff has no right to exercise the power of eminent domain for the use sought, or for any other reason disclosed in the complaint or set up in such objections. Such objections shall be in writing, separately stated and numbered, and shall be filed not later than the first appearance of such defendant; and no pleadings other than the complaint and such statement of objections shall be allowed in such cause, except the answer provided for in section eight of this act: Provided, that amendments may be made upon leave of court. If any such objection shall be sustained the plaintiff may amend his complaint or may appeal to the Supreme or Appellate Court from such decision. . . . But if such objections are overruled, the court or judge shall appoint appraisers as provided for in this act; and from such interlocutory order overruling such objections and appointing appraisers, such defendants, or any of them, may appeal. . . ."

section eight of this act," which answer is directed to the award of the appraisers. It is contemplated that causes which would ordinarily constitute grounds for plea in abatement, demurrer, or answer may be presented in objections authorized by §7684, *supra*. The sufficiency of such causes may be reviewed upon appeal by reserving exceptions to the overruling of the objections in which they are presented. In the case of *Morrison* v. *Indianapolis, etc., R. Co.* (1906), 166 Ind. 511, 524, 76 N. E. 961, 77 N. E. 744, 9 Ann. Cas. 587, this court considered the provisions of §5 of the Eminent Domain Act. The following is quoted from the opinion of the court in that case: .

"It may be said that this provision of the statute, providing for a preliminary hearing in order to determine and settle all questions in respect to the right of the plaintiff to condemn before appointing appraisers, was for the better protection of the property owner, and his right to appear at such hearing and fully controvert or challenge the right of the plaintiff to condemn should not be disregarded, unless required by the very language of the statute. . . . In the proceedings at bar, had appellants failed to appear and interpose any objection to the proceedings, then, under such circumstances, the court could, under section four, have treated the complaint as admitted, as in the case of a default, and if satisfied of the regularity of the proceedings and the right of appellee to exercise the power of eminent domain for the use sought might then have proceeded to enter an interlocutory order appointing appraisers.

"The language of section five is that 'any defendant may object to such proceeding on the ground that the court has no jurisdiction either of the subject matter or of the person, or that the plaintiff has no right to exercise the power of eminent domain for the use sought, or for any other reason disclosed in the complaint or set up in such objection.' It is exacted that these objections be in writing and shall be separately stated and numbered. The language 'for any other reason disclosed in the

complaint or set up in such objection' compels the conclusion that the written objections as prescribed are of a dual character and are intended to serve the purpose of a demurrer and also of a plea or answer. It is evident that, so far as they are directed or addressed to the face of the complaint, they perform the office of a demurrer and thereby raise an issue of law upon the facts alleged or disclosed by the complaint. When the written objections are addressed to the complaint, it is manifestly intended that the defendant should thereby point out or assign the particular reason or reasons for which it is claimed that the pleading is infirm or vulnerable. . . ."

"Section five, as we have seen . . . further declares, 'or for any other reason . . . set up in such objections.' This provision is in harmony with the authorities which affirm that in a proceeding to condemn and appropriate property under the law of eminent domain, the defendant may, by a proper pleading, interpose objections which exist in point of fact, but do not appear upon the face of the petition or complaint.

"Certainly it cannot be said that this latter clause applies alone to the complaint, and is intended to call in question infirmities apparent upon the face thereof, for the grounds or reasons that such objections have been fully covered or provided for by the provision immediately preceding the one in question. Manifestly the object or purpose of the latter provision is intended to perform the office not of a demurrer, but of a plea or answer, by permitting the defendant to traverse the complaint by setting up facts which will be sufficient to abate the action or to break down or defeat the right of the plaintiff to condemn and appropriate the property in question. . . ."

Ordinarily, no question as to the sufficiency of alleged grounds for plea in abatement, demurrer, or special answer can be considered on appeal if not first presented in the trial court. In the absence of objections filed by a defendant in a condemnation proceeding, the court must appoint appraisers, after notice, upon "being satisfied of the regularity of the proceedings

and the right of the plaintiff to exercise the power of eminent domain for the use sought." The eminent domain act does not provide for an appeal by the defendant from the appointment made by the court upon "being satisfied," etc., as authorized by §4 of the act (§7683, Burns, etc., 1926, §3-1704, Burns 1933) but only "from such interlocutory order overruling such objections and appointing appraisers." (§5 of the Eminent Domain Act, §7684, Burns, etc., 1926, §3-1705, Burns 1933.) In the instant case the complaint alleged an effort to purchase the land sought and none of the objections filed by appellants below sought to have the action abated on account of any alleged failure of the highway commission to attempt to agree with the owners. In the absence of an objection raising an issue of fact as to plaintiff's failure to make an effort to agree with the owners of the land touching the damages sustained or touching the purchase price of the land it must be held that the defendants below admitted the allegation of the complaint which stated that "the plaintiff . . . endeavored to purchase" the land sought but "has been unable to reach an agreement as to the purchase price for said strip of land or as to the amount of damages sustained by said defendants." In other words, no issue of fact was raised on this question. Consequently appellants' exceptions to the court's ruling upon the objections filed present no question on appeal as to the lack of an effort to purchase the land or agree upon the damages.

Appellants object to the admission in evidence of appellee's exhibit No. 1, a resolution of the Highway Commission. Since the only issue presented was one of law, i. e. whether or not the exercise of the power of eminent domain was authorized for the purpose here intended, appellants could not have

been harmed by the admission of the exhibit in evidence. The trial court did not err in overruling appellants' objections and appointing appraisers.

Judgment affirmed.