NORTH SIDE BUILDING AND LOAN ASSOCIATION
*v.* HARTIGAN ET AL.

[No. 15,060. Filed May 31, 1935.]

Alvin Padgett, Arthur Rogers, Horace A. Foncannon, and Herman M. Robbins, for appellant.

KIME, J.—The appellant, North Side Building and Loan Association, filed an amended complaint against all the appellees in this cause, seeking to recover upon a note executed by the appellees, Charles B. Hartigan and John E. Hartigan, and to foreclose a mortgage on real estate, which mortgage was executed by appellees, Charles B. Hartigan and Ailene Hartigan, his wife, and John E. Hartigan and Mary B. Hartigan, his wife; and for other relief claimed in said amended complaint. Among other proceedings had therein, the appellees, Charles B. Hartigan, Ailene Hartigan, John E. Hartigan, and Mary B. Hartigan, filed an answer to said amended complaint in three paragraphs, the first paragraph being in general denial, the second paragraph pleading payment, and the third that the note and mortgage were executed for the accommodation of the appellant, and was without consideration.

On November 30, 1932, judgment was rendered by default against the appellees, Charles B. Hartigan, Ailene Hartigan, John E. Hartigan, Mary B. Hartigan, John S. Huebner, and Agnes C. Huebner, for the sum of $11,-899.66, with interest and costs, all without relief from valuation or appraisement laws, and against all the appellees in this appeal for a foreclosure of said mortgage. The court further found that the appellees, Edgar E. Parrett and Alice S. Parrett, had no right, title, or

interest in and to said real estate, and that the receiver who had been appointed should continue.

On February 7, 1933, the appellees, Charles B. Hartigan, Ailene Hartigan, John E. Hartigan, and Mary B. Hartigan, filed their complaint to set aside the said judgrient rendered against them by default on November 30, 1932, and asked to be permitted to defend the original action. Summons on this last mentioned complaint was issued and served on appellant alone.

On March 1, 1933, the Daviess Circuit Court set aside, as to said Charles B. Hartigan, Ailene Hartigan, John E. Hartigan and Mary B. Hartigan, the said judgment rendered against them on November 30, 1932.

Thereafter the issues which had been joined on said amended complaint by the answer of the appellees, Charles B. Hartigan, Ailene Hartigan, John E. Hartigan, and Mary B. Hartigan, to which there was a reply in general denial, were tried and the court found for appellees, Charles B. Hartigan, Ailene Hartigan, John E. Hartigan, and Mary B. Hartigan, and rendered judgment that appellant was not entitled to recover against them and for costs.

Appellant's motion for a new trial was overruled and this appeal followed, assigning as error that the court erred in overruling appellant's motion for a new trial, which contained the grounds that the finding of the court is not sustained by sufficient evidence and that it is contrary to law.

The deed to Charles B. Hartigan and John E. Hartigan, for the real estate herein involved, contained the following, in addition to the nominal consideration of $1.00 and other valuable consideration:

"This conveyance is made and accepted subject to a mortgage in favor of the North Side Building and Loan Association of Vincennes, Indiana, in the amount of $6,000.00, which the grantees assume and agree to pay.

"Also subject to all taxes, mechanic liens, interest, court costs, against said real estate which the grantees assume and agree to pay."

and that at the time of the conveyance there was a $6,000.00 mortgage and taxes, mechanic liens, interest and court costs, which are liens against the real estate.

Shortly after the said grantees obtained title to said real estate they filed an application with appellant and obtained a loan of $8,900.00 which the evidence disclosed was expended in payment of two mortgages, which were liens on said real estate, insurance, taxes, mechanic liens, loan expenses, abstract, fee, and a bill for coal, in the sum of $461.00, which amount was due the Southern Gem Coal Company (of which Charles B. Hartigan was manager and stockholder, and John E. Hartigan was an officer, director and stockholder), from the grantor, Frisz, and was not a lien against the property.

Conveyances of parts of this real estate were made at different times by Hartigans, who claimed that such conveyances were made at the request of the appellant and for which the Hartigans received no consideration of any kind.

Section 13449, Burns 1926, being §56-608, Burns 1933 and §14741, Baldwin's 1934, provides that a resulting trust exists "where it shall be made to appear that, by agreement, and without fraudulent intent, the party to whom the conveyance is made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the purchase-money or some part thereof." The theory of appellees' third paragraph of answer is that appellant caused the Friszs, who were the holders of the legal title of the real estate, to convey said real estate to Charles B. and John E. Hartigan; that the Hartigans accepted said conveyance and that the said Hartigans and their wives executed the note and mortgage sued on solely for

the accommodation of the appellant; that there was no consideration moving to the said Hartigans and that they held the legal title to said real estate for the use and benefit of the appellant and for its accommodation. In other words, Charles B. and John E. Hartigan were only trustees of the real estate for the association. There was some evidence to the effect that the Hartigans accepted conveyance of the real estate and were to hold it in trust for the appellant who did not care to take the property in its name, because it already so held considerable property; that the Hartigans received no consideration and paid nothing for the property. All this would indicate that the Hartigans were trustees of this property for and on behalf of the appellant. Since they were such trustees any acts done by them, in reference to the real estate, such as applying for and executing the mortgage for the loan granted, would be acts done for and on behalf of the appellant for whom they were trustees and would, in effect, be the acts of said appellant. The loan of $8,900.00 was obtained from the appellant, who was *cestui que* trust and the evidence discloses that all the proceeds, except $461.00, were used for the purpose of paying mortgages, liens, claims, and taxes against the real estate and that the $461.00 was used to pay a coal bill owing by the Friszs to a coal company in which appellees, Hartigan and Hartigan, were interested.

Appellant insists that the payment of this coal bill was the consideration that moved to the said appellees and that was the reason they bought the property, however, from the evidence, the court could have found, and its decision indicates, that the payment of said bill was not the consideration for purchasing the real estate and that the Hartigans did not purchase the real estate.

Appellant urges that the clause contained in the deed, which is above set out, constitutes a valid contractual

obligation of the Hartigans, and constituted a valid contractual consideration for the execution of the deed, and, therefore, since the consideration was contractual, parol evidence should not have been admitted to explain the consideration. The briefs do not disclose that any objection to the admission of the parol evidence, as to consideration, was made below, therefore, the question as to whether or not this evidence was erroneously admitted is not before us.

Finding no reversible error, the judgment of the Daviess Circuit Court is in all things affirmed.