GUERRETTAZ ET AL. *v.* PUBLIC SERVICE CO. OF IND., INC.

[No. 28,502. Filed September 23, 1949.]

558

*William P. Dennigan,* of Vincennes, for appellants.

*William P. Evans,* of Indianapolis, and *Emison & Emison,* of Vincennes, for appellee.

GILKISON, C. J.—Appellee brought this action in the Knox Circuit Court against appellants and another to condemn a strip of real estate one hundred feet in width across appellants' farm land, for the purpose of erecting, maintaining and operating electrical transmission and distribution lines, to service its customers in Southern Indiana, and particularly those in Knox and Gibson counties. It avers that it made a good faith effort to purchase the right of way from appellants, but that they were unable to agree.

Appellants filed twelve objections to the complaint. The first alleges that the complaint does not state definitely where its "transmission line begins or where it ends." The second alleges that paragraph eight (evidently meaning grammatical paragraph) of the complaint states conclusions in alleging the necessity for the appropriation. The remaining objections affirmatively aver that there are other shorter and equally convenient routes for the construction of appellee's electric lines, without going over appellants' real estate; and that it does not need a strip one hundred feet in width and that twenty feet in width would be sufficient.

The court heard the evidence, and thereafter overruled the objections, found for appellee, appointed appraisers, directed that they meet at the Knox Circuit Court Room at Vincennes, Indiana, on November 13, 1948, at 9:00 A.M. and after qualifying that they proceed in a body to view the real estate asked to be appropriated as described in the complaint, and assess the damages, if any, appellants may sustain by reason of

said appropriation or condemnation and make due report thereof on or before November 30, 1948. From this action the appeal is taken.

The assignment of error (1) separately questions the action of the court in overruling each of appellants' twelve objections; and (2) in overruling all of these objections; (3) in appointing appraisers and (4) in overruling "the objection of defendants, Guerrettaz to questions asked a witness by plaintiff." There are five separate reasons on the last assignment.

By its complaint, appellee properly averred that it is entitled to condemn the real estate in question under Acts of 1929, Ch. 218, § 1, p. 800; § 3-1713, Burns' 1946 Replacement.

With respect to appellants' assignment of errors from one to thirteen inclusive, and noted above in our numbers 1 to 4 inclusive, the statute provides as follows:

"The condemnor may take, acquire, condemn and appropriate a fee-simple estate, title and interest *in such quantity or amount of land as it deems necessary for its proper uses and purposes,* except that for rights of way, the condemnor shall take, acquire, condemn and appropriate an easement." (Our italics).

§ 3-1714, Burns' 1946 Replacement, Acts 1929, Ch. 218, § 2, p. 800.

Of course, the burden was upon appellee to show clear legislative authority to appropriate appellants' real estate for the purpose named in the complaint. *Kinney* v. *Citizens Water, etc. Co.* (1909), 173 Ind. 252, 255, 90 N. E. 129; *Shedd* v. *Northern Indiana Public Service Co.* (1934), 206 Ind. 35, 41, 188 N. E. 322; *Cottrell* v. *Chicago Etc. R. Co.* (1923), 192 Ind. 692, 694, 138 N. E. 504. The evidence of appellee brought it clearly within the rights granted by the

statute noted above, and § 3-1702, Burns' 1946 Replacement.

In grammatical paragraphs nine and ten of its complaint and its exhibit "A" made part thereof, appellee specifically describes the real estate it proposes to condemn, with its point of beginning, its course and its terminus. Therefore, there is no merit in appellants' objection 1. The averments of the entire complaint are sufficiently specific in stating the necessity for the appropriation asked. Appellee was not required to state all such necessities in any single grammatical paragraph. There is no merit in appellants' objection 2.

All questions concerning the expediency of taking private property for public use are exclusively for the legislature. Unless the action of the legislature is arbitrary, and the use for which the property is taken is clearly private, the courts will not interfere. *Fountain Park Co.* v. *Hensler* (1927), 199 Ind. 95, 108, 155 N. E. 465.

Under our statute, § 3-1705, Burns' 1946 Replacement, any clause that might ordinarily constitute ground for a plea in abatement, demurrer, answer, or any other cause may be presented by objections to the complaint. See also *Root* v. *State* (1934), 207 Ind. 312, 317, 192 N. E. 447. By their objections timely filed appellants have carefully followed the correct procedure and fully availed themselves of every right to which they are entitled. See *Morrison* v. *Indianapolis etc. R. Co.* (1906), 166 Ind. 511, 522, 76 N. E. 961, 77 N. E. 744. The trial court likewise followed the correct procedure in holding a preliminary hearing to determine the questions presented by the complaint and the objections.

We find nothing in the law requiring the condemnor in the proceeding to pursue a route on a direct line from

the starting point to its terminal without deviation. The right to make reasonable or necessary deviations in the route selected belongs to the condemnor under the statute. § 3-1714, *supra*. If in making such deviations lands are required that would not be if the line ran straight from the point of beginning to the point of termination, such land is subject to condemnation.

The condemnor was not compelled to take the shortest route between the starting point and the terminal of the line proposed. Many things may intervene, which from a public utility standpoint, and a standpoint of public safety, and public convenience, make deviations necessary.

The width of the strip of real estate to be taken, is a practical question, and to some extent depends upon what the condemnor deems necessary for the uses and purposes of its business. It is likewise a matter for the trial court to determine from all the evidence heard. Its finding should not be disturbed unless the record clearly shows that it is arbitrary and capricious. *Indianapolis Water Co.* v. *Lux* (1946), 224 Ind. 125, 133, 134, 64 N. E. 2d 790. There was some conflict in the evidence, but there was some evidence to prove each material proposition in the complaint. While we will not attempt to weigh the evidence we can safely say there is nothing in the record indicating that the finding is arbitrary or capricious.

In appealing a statutory proceeding of this kind, it is not necessary that a motion for new trial be filed and acted upon by the trial court, *Morrison* v. *Indianapolis, etc. R. Co., supra*, page 528, although it would not be improper to take this procedure.

Appellants seek to question the action of the trial court in overruling appellants' objection to five different

questions propounded to witnesses by appellee. They seek to raise these questions by their assignments of error 15 to 19 inclusive. Each of said assignments is as follows: "The court erred in overruling the objection of the defendants, Guerrettaz to question asked a witness by plaintiff," then follows a reference to the transcript, line and page. Appellants' brief contains a copy of the assignment of error, and in their fifteenth proposition they say: "A question to a witness that calls for a conclusion instead of a statement of fact is in violation of the rules of evidence. Under this proposition the defendants group the 15th, 16th, 17th and 19th assignment of error." We have no further information in appellants' brief as to what each question was, what the objection was, what the answer was or whom the witness was. Under such circumstances the questions which appellants attempt to raise with respect to the admissibility of such evidence are waived. *Chester* v. *American Trust, etc. Co.* (1928), 88 Ind. App. 105, 108, 141 N. E. 10; *Fuller* v. *Fuller* (1913), 52 Ind. App. 488, 491, 100 N. E. 869; *Watts* v. *Geisel* (1935), 100 Ind. App. 92, 95, 194 N. E. 502; *North Side Building and Loan Association* v. *Hartigan* (1935), 100 Ind. App. 422, 426, 196 N. E. 142; *Conrad* v. *Hansen* (1908), 171 Ind. 43, 50, 85 N. E. 710. See also *Gray* v. *James* (1935), 100 Ind. App. 257, 264, 194 N. E. 203; *Public Service Comm.* v. *Indianapolis Rys.* (1948), 225 Ind. 656, 663, 665, 76 N. E. 2d 841.

Having properly disposed of all the preliminary questions presented by the complaint of appellee and the objections of the appellants, it then became the duty of the trial court to appoint appraisers to assess damages agreeable with § 3-1704, § 3-1706, § 3-1707. Therefore, the court did not err in appointing the appraisers.

564

Finding no error in the record, the judgment is affirmed.

NOTE.—Reported in 87 N. E. 2d 721.